## Jones, Kitch & Co. v. Turck & Co.

1. **Principal and agent; LIABILITY OF PRINCIPAL.** The principal is liable only for the acts of his agent done in pursuance of and within the scope of his authority.

2. **Mortgage: OF CHATTELS : LIABILITY OF MORTGAGEE.** A mortgagee of chattels is not, in the absence of fraud, precluded from recovering upon the mortgage debt because he permits the property covered by the mortgage to be sold under an inferior claim or lien. His failure in such case to assert his right under the mortgage does not estop him from recovering the indebtedness secured thereby in an action therefor against the mortgagor.

*Appeal from Jasper Circuit Court.*

THURSDAY, FEBRUARY 22.

THE petition alleges that on the 28th day of May, 1868, plaintiffs conveyed to defendants an undivided three-fourths interest in a circus canvass tent and other property pertaining thereto, in consideration of the sum of $400, and on the same day defendants entered into a written agreement to reconvey the property upon payment of the sum of $400 and interest, which is in the following words, viz. :

"Whereas, S. M. Jones, J. S. Kitch and James M. Gill have this day sold Turck & Co., Newton, Iowa, the undivided three-fourths interest in their circus canvass, with seats, uprights, jacks, ropes and pulleys, dressing-room and all inside trappings, and ten entry saddles and bridles, one band wagon, one canvass wagon, one ticket wagon, one chandelier wagon, for the consideration of four hundred and fifty dollars; and, whereas, they desire to have the same released on payment of the four hundred and fifty dollars at the expiration of fifty days hereafter, with ten per cent interest from this date; and whereas, said Kitch, Jones and Gill agree to pay the same to Turck & Co., or Andes Turck their agent, within said time, and further agree to employ said Andes Turck as their clerk at seventy dollars a month and found, until said four hundred and fifty dollars is paid, with ten per cent interest from date. Now, in consideration of the payment of said four hundred and fifty dollars and interest at ten per cent on or before fifty days from this date, and the employment and payment of said A. Turck, as aforesaid, and found and return to Newton free of charge, we agree to reconvey all the said property aforesaid, subject to all damages to the same by them.

(Signed) "TURCK & Co."

The petition shows that Turck, the person named in the foregoing writing as the agent of defendants, did perform the duties therein assigned him for a short time; that he was succeeded by Haskins, another member of the firm of Turck & Co., for the purpose of carrying out the agreement. Under this arrangement the property was used by the parties for the purpose of giving circus exhibitions, and was taken from place to place with that object as is customary with such traveling *shows*. It is charged in the petition that the defendants received a large amount of money which belonged to plaintiffs and refused to account for the same; that less than fifty days after the date of the agree-

ment, defendants had received money more than to satisfy their claim of $450, together with interest and expenses, and that plaintiffs requested defendants to take the money due them and reconvey the property to plaintiffs, which was refused. It is further alleged that defendants allowed all the property to be attached and sold upon execution to satisfy a judgment rendered upon a hotel bill of small amount.

The defendants, in their answer, deny all the allegations of the petition, and, by way of cross-demand, claim to recover for the money advanced under the mortgage, for the services performed by the defendants under the agreement as clerk for plaintiffs and for the hire of a team and driver furnished by defendants to plaintiffs.

A trial was had to a jury and a verdict rendered for plaintiffs, upon which judgment was had for $50.60. Defendants appeal.

*Winslow & Wilson* for the appellants.

No appearance for the appellees.

BECK, Ch. J. — I. The plaintiffs' evidence tended to support the allegations of their petition. The only questions raised by the defendants relate to the instructions given by the court to the jury. The first objection is directed against the fourth and fifth instructions, which are in the following words :

1. PRINCIPAL AND AGENT: liability of principal.

"4. If you find that John Haskins was the agent of Turck & Co., and while acting as such, while traveling with the plaintiffs, and under employment as their treasurer, then his acts as such treasurer are the acts of the defendants, and they are equally liable as though the acts were the acts of the defendants themselves.

"5. If you find that the said Haskins, while acting as the agent of the defendants, was also in the employment and under the pay of the plaintiffs as their treasurer, he

was in such a relation to the plaintiffs that it was his duty to safely keep and account to plaintiffs for all the money he received as their treasurer, and if he failed to do so and the plaintiffs therefore suffered loss, the defendants are liable, and you should so find by your verdict."

These instructions leave out of view the familiar rule of law, that a principal is only liable for the acts of an agent, done in pursuance of and within the scope of his authority. It by no means appears that the acts performed by Haskins, as treasurer of plaintiffs, were done by him as the agent of defendants; in fact, the contrary rather is established by the evidence. He may have filled two positions, one as the agent of defendants and the other as the treasurer and clerk of plaintiffs ; in the last, he acted as plaintiffs' agent. It is very plain that defendants will not be liable for his acts done as agent of plaintiff, while discharging the duties of treasurer. His acts as treasurer were the acts of plaintiffs and not of defendants. This point demands no further consideration.

II. The following instruction was also given to the jury :

" 9. If the defendants were in possession of the circus property under their chattel mortgage, it was their duty to

2. MORTGAGE OF CHATTELS: liability of mortgagee.

defend their title and right of possession, and if they failed and neglected to do so, but permitted the property to be squandered, or sold under executions and attachments, junior and subordinate to their own, they cannot now recover in this action for the money secured by their mortgage ; and, if you find that such were the facts, you will exclude from your calculations the money included in the original mortgage."

A mortgagee, in the absence of fraud, is not precluded from recovery upon the mortgage debt because he permits the property covered by the mortgage to be sold upon an inferior claim or lien, and his failure to assert his right under the mortgage does not defeat recovery upon the indebtedness to secure which the mortgage was given.

The mortgagee may waive his remedy upon the mortgage without prejudice to his right of action to recover the debt thereby secured.

These rules are undoubted and need no discussion; the doctrine of the instruction now before us conflicts with them. It is to the effect that the mortgagee, by any act which would amount to permission, on his part, of the sale of the mortgaged property for the satisfaction of other debts of the mortgage, would be deprived of a remedy by action against the mortgagor.

We will not be understood as holding that the mortgagee, in possession of goods under the mortgage, is not liable for neglect or carelessness whereby the goods are lost to the mortgagor. The circumstances of his possession may be such as to require him to protect the interest of the mortgagor.

Other objections made by appellant need not be considered, as for the errors in giving the foregoing instructions the judgment of the circuit court must be

Reversed.