WILLIAM L. WHITE *vs.* CHARLES F. COLEMAN & trustee.

Bristol. Oct. 24, 1878.—June 24, 1879. ENDICOTT & LORD, JJ., absent.

An order, addressed by A. to his attorney, requesting the payment to B. of "all moneys which may become due me" from an action then pending, in which A. is plaintiff, but in which no judgment has been entered, "and this shall be your receipt for the same," is a mere authority to the attorney, if funds should come to his hands from that source, to pay them to B., and not an assignment of such funds to B., valid against the trustee process.

TRUSTEE PROCESS. Writ dated October 10, 1877. Virgil H. Wilde, summoned as trustee, was defaulted. Horatio L. Lincoln appeared as claimant of the funds in the hands of the trustee by virtue of the following order: "Taunton, March 27, 1877. L. N. Francis. Please pay H. L. Lincoln or order all the moneys which may become due me from the Virgil H. Wilde case, and this shall be your receipt for the same. Charles F. Coleman."

At the trial in the Superior Court, before *Bacon*, J., without a jury, the defendant was defaulted, and the trial proceeded between the plaintiff and claimant. The claimant produced the above order, proved its execution, and that, at the date thereof, Coleman was indebted to him. No question was raised as to the consideration of the order. It was also proved or admitted that, at the date of the order, an action was pending in the Superior Court, in which Coleman was plaintiff and Wilde was defendant, and that Francis was the plaintiff's attorney; that at the September term 1877 of that court a verdict was returned for the plaintiff in that action; and that the same, by order of court, was continued for judgment, by reason of the present trustee process. This was all the material evidence in the case.

Upon these facts, the plaintiff asked the judge to rule that the order produced by the claimant was neither in form nor in substance an assignment of Coleman's interest in the action against Wilde, and, at the time of its execution and delivery to the claimant, was invalid, and of no effect to pass or convey any property of the defendant in this action, in the hands of Wilde, as against the plaintiff in this action. But the judge refused so to rule; found for the claimant; and ordered the trustee to be discharged. The plaintiff alleged exceptions.

*S. R. Townsend*, for the plaintiff.

*L. N. Francis*, for the claimant.

AMES, J. It appears upon the facts reported in this bill of exceptions, that Francis, upon whom the order was drawn, was the attorney of record for the principal defendant in a suit against the trustee Wilde. At the trial in that suit, in September 1877, about six months after the date of the order, a verdict was rendered in favor of Coleman against Wilde, and the case was continued for judgment on account of the pendency of this present trustee process, and no judgment has yet been rendered. The order upon Francis has never been accepted, and it is manifest that no funds have yet come to his hands from which the order could be said to be payable, if it had been accepted. It is insisted, on the part of the claimant, that this order operated as an assignment to himself of whatever might be recovered in the suit referred to.

In *United States* v. *Vaughan*, 3 Binn. 394, which is cited by the claimant, the decision was that a sale in London of shares in the United States Bank, the price being paid, and the certificates delivered with a power of attorney indorsed to provide for the making of the formal transfer, was sufficient to constitute an equitable assignment, good and effectual against an intervening attachment. And in *Clemson* v. *Davidson*, 5 Binn. 392, the court, in giving judgment, say that any order, writing or act appropriating a fund may amount to an equitable assignment of that fund. But the question what shall amount to such an appropriation is not determined by either of these cases.

The case mainly relied upon by the claimant is *Hamilton* v. *M' Coun*, 2 Hall, 522. In that case a policy of insurance had been placed in the hands of an attorney, who gave a receipt for it, certifying that he had taken the proofs of a loss which was claimed of the insurance company, and that he held the policy to await the answer of the company. Upon the back of the receipt was an order from the assured, addressed to the attorney, directing him to hold the policy subject to the order of one of the creditors of the assured, and the receipt so indorsed was delivered to that creditor, and exhibited to the attorney. It was held that the order indorsed upon the receipt and shown to the attorney constituted an assignment of the right of action upon

the policy; and indeed it purported to be an assignment of the policy by placing it in the control of the person holding the order, and not a mere authority revocable at the pleasure of the party who gave the order.

In the case at bar, the order upon Francis does not purport to be an assignment of Coleman's claim and suit against Wilde, and is not expressed in terms appropriate to that purpose. It is a notice or request to him to pay such moneys as may be due to Coleman from the Wilde case, " and this shall be your receipt for the same." But not only were there no funds from that source in the hands of Francis, but he had no such control of the claim from which the funds were to come that he could be said to have even a constructive possession, or a certainty of ultimately getting possession. It was wholly contingent and uncertain whether he ever would be in funds from that source, and that contingency depended entirely upon the mere will and pleasure of his client. It was in the power of Coleman at any moment, notwithstanding the existence of the order, to revoke any authority which he had given to Francis as his attorney, and to appoint another, or to take the collection of the fund wholly into his own hands.

It is true that an order drawn against funds in the hands of the drawee may under some circumstances operate as an assignment. And in *Bourne* v. *Cabot*, 3 Met. 305, cited by the claimant, the order purported to be payable from funds that might come to the drawee's hands belonging to the drawer. But that was a case in which the order had been accepted, and it was to be paid out of the proceeds of property actually placed in the acceptor's hands to sell, for the purpose of repaying advances. In the case at bar, the order was a mere authority to Francis, if funds should come to his hands, to pay them to Lincoln. The drawer conveyed nothing, and parted with no control of any fund due or belonging to him. There was no effective appropriation, actual or constructive, of the subject-matter in favor of the claim-ant. *Stearns* v. *Quincy Ins. Co.* 124 Mass. 61.

*Exceptions sustained.*