WILLIAM L. WHITE vs. CHARLES F. COLEMAN & trustee.

Bristol.   Oct. 26, 1880. — Feb. 21, 1881.   ENDICOTT, J., absent.

An order, addressed by A. to his attorney, requesting the payment to B. of "all
moneys which may become due me" from an action then pending, in which
A. is plaintiff, but in which no judgment has been entered, "and this shall be
your receipt for the same," is a mere authority to the attorney, if funds should
come to his hands from that source, to pay them to B., and not an assignment
of such funds to B., valid against the trustee process; and an oral acceptance
of the order by the attorney does not change the character of the order, so far
as relates to its operation on the fund.

TRUSTEE PROCESS.   Writ dated October 10, 1877.   Virgil
H. Wilde, summoned as trustee, was defaulted.   Horatio L. Lin
coln appeared as claimant of the funds in the hands of the trus-
tee by virtue of the following order: "Taunton, March 27, 1877.
L. N. Francis.   Please pay H. L. Lincoln, or order, all the moneys
which may become due me from the Virgil H. Wilde case, and
this shall be your receipt for the same.   Charles F. Coleman."

After the former decision, reported 127 Mass. 34, the case was
tried in the Superior Court, without a jury, before *Putnam*, J.,
who allowed a bill of exceptions, in substance as follows:

The defendant was defaulted, and the trial proceeded between
the plaintiff and the claimant.   The claimant produced the
above order, proved its execution, and that, at the date thereof,
Coleman was indebted to him.   No question was raised as to
the consideration of the order.   It was also proved or admitted
that, at the date of the order, an action was pending in the
Superior Court, in which Coleman was plaintiff and Wilde was
defendant, and that Francis was the plaintiff's attorney; that at
September term 1877 of that court, a verdict was returned for
the plaintiff in that action; and that the same, by order of court,
was continued for judgment, by reason of the present trustee
process.

The claimant also offered to prove that there was a delivery
of said order to Lincoln, and an oral acceptance of the same by
Francis in Coleman's presence at the time of the date of the
order; and that the action above referred to was on a promis
sory note, which was in the hands of Francis when the order
was accepted.   This was all the material evidence in the case.

The judge ruled that all the facts, both those proved and those offered for proof, taken together, would not authorize a judgment for the claimant; found for the plaintiff; and ordered the trustee to be charged. The claimant alleged exceptions.

*L. N. Francis*, for the claimant.

*S. R. Townsend*, for the plaintiff.

Soule, J. The order under which the adverse claimant seeks to hold the fund in question is neither in form nor in substance an assignment of the demand of Coleman, the principal defendant, against Wilde, the trustee. And it was so decided when this case was first before us. 127 Mass. 34. It is merely an order on Francis, the attorney of the defendant Coleman, to pay the claimant such sums as should become due Coleman from the Wilde case, — due him, that is to say, from Francis. It did not work any change in the relations between Coleman and Wilde, nor lessen the control of Coleman over his pending suit against Wilde. The oral acceptance of the order by Francis did not change the character of the order, so far as relates to its operation on the fund in the hands of Wilde. What obligation it created on the part of Francis it is not necessary for us to consider. The case, therefore, stands precisely on the same principle as when it was first presented to us, and the decision then made was properly adopted by the judge who presided at the trial in the Superior Court, as his guide in ruling upon it. The ruling being correct, the exceptions must be *Overruled.*