LOUGHLIN v. LARSON (FULMER et al., Interveners).

An order by a debtor, directing a servant receiving the proceeds of a sale of property to pay the same to creditors paying no consideration for the order and having no attachment or other lien on the property sold, is not a legal or equitable assignment of the proceeds, and the debtor may revoke the order and direct the servant to pay the proceeds to another creditor, who thereby acquires a right superior to the other creditors.

(Opinion filed May 16, 1911.)

Appeal from Circuit Court, Moody County; Hon. JOSEPH W. JONES, Judge.

Action by John A. Loughlin against A. B. Larson, in which W. H. Fulmer and others, copartners as Coleman Implement Company, and C. E. Hendrickson and others, copartners as Hendrickson & Cone, intervene. From a judgment for plaintiff, interveners appeal. Affirmed.

*Krause & Krause,* for appellants.  *Coleman & Blewitt,* for respondent Loughlin.  *Rice & Benson,* for respondent Larson.

WHITING, J.  This action was brought by plaintiff to recover from defendant a sum of money in the hands of the defendant, received by him upon the sale of certain personal property, upon which property plaintiff claimed to hold a chattel mortgage, and by virtue of which chattel mortgage he claimed to be entitled to the proceeds of such sale.

The interveners claimed to be entitled each to a certain sum from the proceeds of such sale, under and by virtue of certain orders upon defendant for the payment of same, which orders they claimed to have received from the owner of the property sold, and which orders they claimed had been accepted by the defendant. The defendant disclaimed any interest in the proceeds of such sale, and, under the provisions of the statute, he brought the money into court and deposited the same with the clerk of court, to be paid out in accordance with the final judgment in said action. The cause was tried to the court and a jury; there being submitted to the jury two special findings or verdicts, first, as to whether or not the owner of the property sold was indebted to the plaintiff at the time he gave the note and mortgage under which plaintiff claimed; and, second, whether or not the mortgage given to plaintiff was given for the purpose and with the intent of defrauding other creditors of the mortgagor. The jury found with the plaintiff on both of these matters, and no error is assigned thereon. At the close of the trial, the interveners asked for certain findings and conclusions, which were rejected, and the court made findings and conclusions proposed by the plaintiff, to which the interveners interposed certain execptions. Judgment entered in favor of the plaintiff; a motion for new, trial was denied; and the interveners have appealed to this court from such judgment and order denying a new trial.

The exceptions to the findings raised questions as to the sufficiency of the evidence to support the findings of the court. The following are among the facts found by the court: September 17, 1909, one F. A. Loughlin was indebted to the plaintiff in the sum

of $660, and, to secure such indebtedness, gave plaintiff a promissory note for said amount, due October 1st, after date, and gave a chattel mortgage upon certain property to secure the note, which mortgage was duly filed upon September 17, 1909; the note and mortgage were given in good faith, and without any intent to defraud or injure other creditors of F. A. Loughlin; the mortgage to plaintiff was second, and subject to a prior mortgage of the same property, securing a debt of $1,460; September 29, 1909, F. A. Loughlin held a public auction sale of said property, at which sale the defendant was the clerk, and as such received the proceeds of the sale; defendant was engaged by F. A. Loughlin to act as such clerk several days prior to such sale; F. A. Loughlin was indebted to the firm of Hendrickson & Cone in the sum of $96.89, and to the Coleman Implement Company in the sum of $191.90; several days prior to the sale F. A. Loughlin gave the Coleman Implement Company a written order, whereby he promised to pay said company the amount of their indebtedness from the proceeds of the sale, which order defendant accepted verbally several days prior to the sale; one day prior to such sale said F. A. Loughlin orally promised Henderickson & Cone that he would direct the defendant to pay them the amount of their claim from the proceeds of said sale; the first mortgage was due October 1, 1909, and F. A. Loughlin was unable to pay the same, and the public sale was held, with the consent of the mortgagee, for the purpose of raising money to pay the first mortgage indebtedness; prior to said sale, and prior to any agreement between F. A. Loughlin and either intervener, F. A. Loughlin agreed with plaintiff, upon condition that plaintiff would consent to the sale of the mortgaged property at such public sale, that the proceeds of said sale should be applied to the payment of plaintiff's note and mortgage after the first mortgage had been paid in full, it being the intention of said parties that plaintiff should hold a lien upon the proceeds received from the sale; the defendant was notified of said agreement and understanding before and during the progress of the sale; it was by reason of the above facts that plaintiff consented to such sale; plaintiff was not financially able to take up the first mortgage and thus prevent the sale; defendant received the pro-

ceeds of said sale, as clerk, and out of the same paid the first
mortgage, there remaining in his hands the sum of $385.95, which
remained in his hands on October 4, 1909, when F. A. Loughlin
served written notice upon him, demanding that he pay said sum
to the plaintiff; and, the defendant not having paid the said sum
upon the commencement of this action, by order of the court, he
deposited such sum in court. As conclusions of law, the court
found plaintiff entitled to judgment for the $385.95, and for costs
against interveners.

Appellants insist that the court should have found that, when
the mortgage was given to plaintiff, it was understood and
agreed between plaintiff and the mortgagor that the mortgagor
might hold the public sale; that the mortgagor then and there
promised that he would pay plaintiff's mortgage debt out of the
proceeds of said sale; that the plaintiff accepted said promise and
consented to such sale by the mortgagor; that such sale was ad-
vertised and held in the name of the mortgagor. Appellants in-
sist that the evidence shows that the writing given Coleman Imple-
ment Company was an order upon defendant to pay the money,
and that the defendant accepted the order and promised to pay
them out of the proceeds of the sale, and that, in accordance with
a promise to Hendrickson & Cone, F. A. Loughlin, on the day
before the sale, directed the defendant to pay such firm the amount
owing to them, and defendant promised to make such payment out
of the money received from the proceeds of the sale. Appellants
also insist that the court erred in failing to make other findings
asked by them, which requested findings are immaterial under our
views herein.

It is strenuously urged by the appellants that, under the facts
which they claim should have been found, the mortgage to plain-
tiff was null and void when received; that, even if such mortgage
was not null and void, yet, when plaintiff consented to such public
sale (there being no provision in the mortgage that such mortgage
should cover proceeds received upon sale of the property), the
plaintiff had no lien or claim whatsoever on the proceeds of the
sale of such property; that, by virtue of their orders and the

agreement of defendant to pay the same, there was an assignment to them of such part of the moneys in hand of defendant as would pay their respective claims, and that, by virtue of the promises to pay them, made by defendant, they acquired a right to such funds, to the extent necessary to pay their claims, superior to any claims of plaintiff. Even if the mortgage were null and void, or, if valid, conceding that the plaintiff had no lien upon the proceeds of the sale—two matters upon which we advance no opinion—yet the conclusions of the trial court were right. It may be that the orders or directions given defendant would have warranted payments by him to the inteveners of their claims, providing he had made such payments prior to any directions directing him to pay the money in his hands to plaintiff; but it must be borne in mind that he had not paid out any of this money when he was ordered to pay it all to plaintiff.

Who was the defendant? He was but a servant of F. A. Loughlin—a clerk authorized to receive the proceeds of the public sale. We can see no difference between his relation to Louglin and that of a clerk in a store to his employer. He was to receive and hold the proceeds of the sale merely as any clerk would, and we do not think it would be claimed that, if a merchant directed his clerk or cashier to pay a claim out of certain moneys and the clerk said he would, the merchant could not afterwards, prior to such payments, revoke the directions he had given. Certainly under such circumstances the clerk or cashier could not be holden personally liable to the creditor. F. A. Loughlin never lost his right of control over these funds. It is not claimed that the interveners gave any new consideration for the purported assignment, or in any way changed their relation or situation as to F. A. Loughlin. They had no attachment or other lien upon the property sold. At the best, they saw fit to rely upon an order, amounting to nothing more than a personal promise or assurance, that the money should be paid from a fund over which the promisor retained absolute control. 4 Cyc. 45; White v. Coleman, 127 Mass. 34; Id., 130 Mass. 316; Phillips v. Hogue, 63 Neb. 192, 88 N. W. 180.

There was no assignment, legal or equitable, of the moneys in the hands of defendant; the directions to pay the interveners were revoked, and the plaintiff held an unrevoked order, directing defendant to pay him the funds in question; his right to recover the money was unaffected by the prior orders given the interveners.

The judgment and order denying a new trial are affirmed.