MINNEAPOLIS THRESHING MACHINE COMPANY, Appellant, v. CALHOUN et al. (Pettigrew, garnishee) Respondents.

(159 N. W. 127.)

(File No. 3912.   Opinion filed September 9, 1916.)

1. **Chattel Mortgage—Sale, Consent to, by Mortgagee—Waiver of Lien by.**

   The consent by mortgagee to sale of mortgaged chattels amounts to a waiver of the lien thereon, so that such property will pass to the hands of a purchaser free from the lien.

2. **Same—Garnishment—Consent to Sale, Proceeds Applied on Debt, Effect—Promise, in Lieu of Lien—Proceeds, Judgment Creditor's Levy.**

   Generally, consent of mortgagee that mortgagor may sell mortgaged property, given upon mortgagor's agreement to apply proceeds on the mortgage debt, amounts to substitution of mortgagor's personal promise in lieu of the mortgage security; and the proceeds of such sale in mortgagor's hands, are subject to levy by mortgagor's creditors.

3. **Chattel Mortgage—Trust—Mortgagees' Consent to Public Sale by Trustee—Proceeds of Fund, Application of—Mortgagor's Control of Fund—Trustee's Superior Claim, as Against Garnishing Judgment Creditors.**

   Where chattel mortgagees agreed with mortgagor that he might advertise the mortgaged property for public sale, that a third party should be clerk at the sale and collect proceeds and apply them in payment of the mortgage debts, which sale and collection of proceeds was consummated, such arrangement was not a consent that mortgagor might sell same, and himself apply the proceeds; it amounted to creation of an express trust conferred upon such third party, and the proceeds of sale became a trust fund in trustee's hands, and he could not legally apply same to any purpose other than satisfaction of the mortgages; and the trustee's authority could not be revoked by mortgagor, nor had he any right to, or control over, proceeds of the sale, except as to any surplus over the mortgage indebtedness.   **Held,** further, that the trustee's claim to the fund was superior to garnishment by mortgagor's judgment creditor.

   McCoy, J., concurring in result.   Smith, J., concurring.

   Appeal from Circuit Court, Moody County.   Hon. Joseph W. Jones, Judge.

Action by the Minneapolis Threshing Machine Company, against M. W. Calhoun, with Giles E. Pettigrew, as garnishee, and the First National Bank of Flandreau, S. D., and others, impleaded as defendants. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Judgment and order affirmed.

*Frederick A. Warren*, and *John T. Grigsby* (*Joseph A. Hosp* of counsel), for Appellant.

*Geo. Rice,* and *Lewis Benson,* for Respondents.

(1)   To point one of the opinion, Appellant cited: 7 Cyc. 47 and cases cited; New Eng. Mortgage Secur. Co. v. Great Western Elevator Co., 6 N. D. 407; Cases cited in note 43 L. R. A. (N. S.) 303; 7 Cyc. 49, and cases cited; Maier v. Freeman, 44 Pac. 357, 53 Am. St. Rep. 151; Carr v. Brawley, 125 Pac. 1131, 43 L. R. A. (N. S.) 302; Note in 43 L. R. A. (N. S.) 302, page 305.

(2)   To point two of the opinion, Appellant cited: White Mountain Bank v. West, 46 Me. 15; Maier v. Freeman, 44 Pac. 357, 53 Am. St. Rep. 151; Smith v. Bank, (Ia.) 61 N. W. 378; Smith v. Clark, (Ia.) 69 N. W. 1011; Loughlin v. Larson, 27 S. D. 376; Everett v. Buchanan, 2 Dakota 249; Walklin v. Horswill, Sheriff, 24 S. D. 191; Civil code, Sec. 2038, and 2073 to 2103.

Respondents cited: Fairweather v. Nelson, et al. (Minn.) 79 N. W. 506; Carr v. Brawley, 125 Pac. 1131, 43 L. R. A., N. S. 302; Hoyt v. Clemans, 149 (Ia.) N. W. 442, L. R. A. 1915 C. 166. Shortridge v. Sturdivant, (Weinberger, garnishee, and Farmers and Merchants State Bank of Kenmare, Interveners) 155 N. W. 20 (N. D.); Laws 1909, Chap. 156 Sec. 1; F. Meyer Boot & Shoe Co. v. C. Shenkberg Co. 11 S. D. 620, 80 N. W. 126.

POLLEY, P. J.   Just prior to the commencement of this action, the defendant Calhoun was the owner of a considerable amount of personal property, all of which was mortgaged to various parties to secure the payment of debts owing to them by said Calhoun. In order that said indebtedness might be paid, an agreement was entered into between the said Calhoun and said mortgage creditors, whereby the said property was to be sold and the proceeds thereof applied in payment of said debts. It was agreed that the said Calhoun should advertise all of said property for sale at public auction, and that one Giles E. Pettigrew should

act as clerk of said sale, should collect the proceeds thereof, and apply the same in payment of said mortgage debts. A sale was had in the manner agreed upon, and the said Pettigrew realized a sufficient amount of cash to pay and satisfy all of said mortgages. Under the terms of the said agreement, all of said mortgage creditors placed the evidences of their indebtedness with the First National Bank of Flandreau, where the same were to be paid by Pettigrew; but before said arrangement could be carried out plaintiff, a judgment creditor of Calhoun, commenced this action against Calhoun, and garnisheed the proceeds of said sale in the hands of Pettigrew. The mortgagees were impleaded as defendants herein, and the proceeds of said sale were brought into court, to be awarded by the court to the party, or parties, entitled thereto. Upon the trial, the court found in favor of the mortgagees, and entered judgment accordingly. From such judgment, and an order overruling a motion for a new trial, plaintiff appeals.

[1, 2] That the chattel mortgages involved were in all respects legal and binding upon the parties hereto is not questioned, and that the proceedings to dispose of the mortgaged property and pay the indebtedness secured by said mortgages was free from any fraud or concealment is admitted; but it is the contention of appellant that, when the mortgagees consented to a sale of the mortgaged property in the manner shown herein, they waived their lien thereon and accepted the mere personal promise of the mortgagor in lieu thereof, and left the fund derived from the sale subject to levy by the judgment creditors of the mortgagor. That the consent of a mortgagee to the sale of mortgage chattels amounts to a waiver of the lien thereon, so that such property will pass into the hands of a purchaser free from the lien of the mortgage is unquestionably the law. And it is generally held that the consent of the mortgagee that the mortgagor may sell the mortgaged property, given upon the agreement of the mortgagor that he will apply the proceeds of such sale on the mortgage debt, amounts to a substitution of the personal promise of the mortgagor in lieu of the mortgaged security, and that the proceeds of such sale, while in the hands of the mortgagor, are subject to levy by the mortgagor's judgment creditors. White Mt. Bank v. West, 46 Me. 15; Maier v. Freeman, 112 Cal. 8, 44 Pac. 357, 53 Am. St. Rep. 151; Smith v. Bank, 99 Iowa, 282, 61 N. W. 378, 68

N. W. 690; Smith v. Clark, 100 Iowa, 605, 69 N. W. 1011; Carr v. Brawley, 34 Okl. 500, 125 Pac. 1131, 43 L. R. A. (N. S.) 302; Loughlin v. Larson, 27 S. D. 376, 131 N. W. 304.

[3] But in this case the mortgagees did not consent that the mortgagor might sell the mortgaged property and apply the proceeds of the sale on the mortgage debt. The consent to the sale was given upon the express condition that the property was to be advertised and sold at public auction; that the proceeds of such sale were to be collected by Pettigrew, and by him applied in payment of the mortgage debts. This arrangement amounted to the creation of an express trust, and the proceeds of the sale became a trust fund in the hands of Pettigrew. He could not legally apply the same to any purpose other than the satisfaction of said mortgages. Pettigrew's authority could not be revoked by the mortgagor, nor had the mortgagor any right to, or control over, the proceeds of the sale, except as to any surplus there might be over and above the amount of the indebtedness secured by such mortgages.

]5[ The facts in this case are on all fours with the facts in Hoyt v. Clemans, 167 Iowa, 330, 149 N. W. 442, L. R. A. 1915C, 166, and the principles applied by the court in that case should govern in this. In that case the court say:

"It is elementary that, as a general rule, a garnishing creditor acquires no greater rights against the garnishee than the judgment debtor would have had against him, had he sought to recover from the garnishee, and it is manifest under the facts above stated, that the Clemanses could not have recovered anything from Roberts, save as for a breach of trust. What was done amounted to little, if anything, more than a foreclosure of the morgage and landlord's lien by notice and sale, and in such case consent of all parties to the sale does not discharge the lien. But, if it does, the proceeds in either case are impressed with a trust by agreement of the parties. The trustee has at all times been in possession of the proceeds, and his claim thereto, under the trust reposed in him, is superior to a garnishment by a judgment creditor of the original owner of the property. No amount of argument can make this plainer. If authorities be needed, we cite the follow-

ing as sufficient for the purposes of the case: Peregoy v. Wheeler, 88 Iowa, 732, 55 N. W. 462; Jones v. Turck, 33 Iowa, 246."

This disposes of the whole case, and the judgment and order appealed from are affirmed.

McCOY, J., concurs in result.

SMITH, J. (concurring). The sale of the mortgaged property in any other manner than by foreclosure extinguished the lien of the mortgages. The proceeds of the sale were not thereafter subject to or affected by the mortgage liens. The real question, then, arising in this case, is whether an agreement between a debtor and his creditors that a certain specified portion of the property of the creditor shall be placed in the hands of a trustee, to be converted into money in a manner not fraudulent as to other creditors, and the money so realized applied in payment of debts actually due and owing to ,such creditors, is valid as against the other creditors of the debtor. The right of the debtor to prefer one set of creditors being conceded, such a mode of making payment in good faith and without any fraudulent intent is valid.

I therefore concur in the affirmance of the judgment.