CONSTANTINE P. YURGELUN *vs.* JOHN L. EMERY.

Plymouth. April 4, 1933. — April 5, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Broker,* Commission. *Contract,* What constitutes, Implied.

Evidence, at the hearing of an action by a broker against a landowner for a commission, merely that the plaintiff, after being consulted about the land by one who desired to purchase it, interviewed the defendant; that the defendant inquired of the plaintiff what his commission would be and refused certain offers made by the customer; and that subsequently the defendant sold the land to the customer, did not warrant a finding that the defendant entered into any contractual relation with the plaintiff and did not warrant a finding for the plaintiff.

CONTRACT. Writ in the District Court of Brockton dated December 10, 1931.

The action was heard in the District Court by *Thorndike,* J. Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $570, and reported the action to the Appellate Division for the Southern District. A finding for the defendant was ordered entered. The plaintiff appealed.

*J. M. Veracka,* for the plaintiff.

*J. A. Reilly,* for the defendant.

RUGG, C.J. This is an action of contract whereby the plaintiff, a real estate broker, seeks to recover compensa-

tion for services alleged to have been rendered to the de-
fendant in procuring him a purchaser for his real estate.
The report of the trial judge shows that the plaintiff testi-
fied that the defendant never was at his office, never tele-
phoned to him or wrote to him relative to the property
in question, and that he never had a record of listing the
property at his office; that being with one Shats, who
subsequently purchased the property of the defendant,
relative to other real estate, Shats asked him if he knew
who owned the Arnold Shoe Company factory, and stated
that he would like to buy it and the price which he would
be willing to pay. The plaintiff replied that he did not
know who owned it but would find out and that "he
probably could do better for" Shats than the price which
he offered. Then the plaintiff saw the defendant, who was
the owner of the property in question, and asked his price
which the defendant refused to give until assured that
the plaintiff was not "a curiosity seeker." Thereafter the
plaintiff and Shats interviewed the defendant at his fac-
tory. The property was inspected and Shats made an
offer which was refused. The next day the plaintiff saw
the defendant and the latter asked what his commission
would be. The plaintiff asked the price of the property
and was told that the price was $10,000. The plaintiff
and Shats again examined the property and Shats made
an offer of $8,500 which was refused by the defendant.
The plaintiff made a suggestion to which the defendant
would not agree. Later the defendant sold the property
to Shats for $9,500.

It is manifest that the only scintilla of evidence upon
which the plaintiff's contention can rest is the single in-
quiry by the defendant as to the amount which the plain-
tiff would charge as commission. This was insufficient to
warrant a finding that the defendant ever entered into any
contractual relation express or implied with the plaintiff.
One who merely asks the price of goods does not thereby
become obligated to purchase. A prospective employer of
labor or personal service does not assume contractual obli-
gations merely by asking the price of such service. The

findings of fact made by a trial judge are conclusive if there is any evidence to support them. In the case at bar there is no evidence whatever to support the ultimate finding of the trial judge in favor of the plaintiff. On his own testimony the plaintiff first visited the defendant because of an offer made to him by Shats for the defendant's real estate as to which the plaintiff said he could probably do better. The defendant, when the matter was brought to his attention, never did or said anything to give rise to a contractual relation between him and the plaintiff.

The order of the Appellate Division, to the effect (1) that there was error by the trial judge in granting the plaintiff's request for a finding in his favor and (2) that judgment should be entered for the defendant, was right and is

*Affirmed.*