Bolster, C. J.
The only standing which the plaintiff can have to claim a review is on the ground that when the judge *256 found the claimant’s claim maintained and for that reason discharged the trustee, he made a ruling of law. Such implied rulings, under a line of authorities, are not reviewable. Keohane, Petr., 179 Mass. 69. Richards v. Appley, 187 Mass. 521. New Bedford Cotton Waste Co. v. Eugen C. Andres Co., 258 Mass. 13. Reid v. Doherty, 273 Mass. 388. And while a judge may, he is not obliged, to entertain and report, upon a motion for new trial, requests for rulings which could have been, but were not, presented at the original trial. Loveland v. Rand, 200 Mass. 142, 146. We do not think the dictum in Muto v. Deslauriers, 1935 A. S. at p. 2435 upon which the plaintiff relies, can be read as a departure from settled principles. The finding there was for the defendant. Such a finding may result from mere disbelief of testimony. It needs no further justification. There is no question of seeking evidence to support a finding against one who has the burden of proof. Moreover, in that case there had been rulings made and reported. See Leshefsky v. Am. Emp. Ins. Co., 1936 A. S. 143.
But if we are to look at the petition on its merits under Bule 30, it appears from the evidence that the principal defendant had a claim in suit for personal injuries, and that the trustee was his counsel; that before settlement thereof the plaintiff, the defendant, the trustee and the claimant met and purported assignment was given by the defendant to the claimant, to the amount of $345 out of the amount of settlement if and when received. On the same day, the trustee received the written instruction of the defendant to pay the claimant according to the assignment, and three days later endorsed on the letter of instructions his assent to carry them out. The claim was settled later, the trustee paid the plaintiff as attorney for the defendant the sum of $2330 and before he paid the claimant as ordered, this trustee writ was served.
*257 The plaintiff’s claim is that snch a claim was not legally assignable. If the claimant had nothing bnt a naked assignment to rely npon, the plaintiff’s argument would have more force. The trustee has been ordered to pay a part of the money, if and when received, other than to his client, and has agreed to do so. And the plaintiff was a party to the arrangement, cf. Mowry v. Todd, 12 Mass. 281. Dennis v. Twitchell, 10 Met. 180. Clark v. Parker, 4 Cush. 361. It does not matter much whether the case is put in the legal pigeonhole of “Assignment” “novation” “Trust” “Power of Attorney” or “Estoppel”. Even if we assume that the defendant, after giving the assignment and order, could repudiate it, he has not done so, and his creditor cannot do it for him.
There are analogies in the law. A creditor cannot split his debt and give part to another. But if the debtor consents to have two creditors, the partial assignment stands. Providence County Bank v. Benson, 24 Pick. 204. So when an insurance company, standing indifferent as between two claimants, pays what it owes into court, the court will determine the rights of the contending parties without regard to any reserved right the company might have had to decide the matter itself.
The plaintiff argues that a claim for personal injury is not assignable. Assuming that to be so, in so far as the rights of the tort feasor are concerned, the case here goes beyond that. It shows an order for payment over, assented to by the trustee. If the subject matter were an ordinary contract debt, there would be no room for doubt. Kirbley v. C. G. Galbo Co., 244 Mass. 179. We are not unmindful of the case of White v. Coleman, 130 Mass. 316, which comes pretty close to the case at bar. It is criticized by Professor Williston, 2 Williston, Contracts, Rev. Ed. Sec. 427, and has been rather sparingly cited. Moreover, in that case the *258 fund had not come into the trustee’s possession and it therefore had not been parcelled, as it has been here. Despite the statement in the opinion that it was unnecessary to consider the obligation of the trustee to a claimant, it never has been the policy of the law to leave a trustee under a double liability. The trustee’s duty to pay the cJaimant in our case was clearly intended to be created. 2 Williston, Contracts, (Rev. Ed.) Sec. 407.
If the law cannot carry that common intent into effect, if it must be thwarted, despite the obvious immorality of this plaintiff’s position, the result is nothing for the law to be proud of. We do not think we should close our eyes to the situation here to the extent of restoring to the plaintiff a right of review which he has himself lost.
Petition denied.