EDMUND WRIGHT GINSBERG CORPORATION *vs.* C. D. KEPNER LEATHER COMPANY.

Suffolk. October 3, 1944. — February 5, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Contract*, What constitutes, Construction. *Assignment.*

A written contract, executed by a leather manufacturer and by his sales agent and approved by counsel for, but not executed by, a corporation, in which, "in consideration of" the corporation's lending money to the manufacturer for the purchase of hides to be manufactured by him into leather and sold through the sales agent, the sales agent promised that out of the proceeds of the sales he would pay the corporation the cost of the hides, deduct his commission and pay the balance to the manufacturer, constituted an offer to the corporation which, upon the corporation's making the contemplated loan to the manufacturer, ripened into a unilateral contract whereby the sales agent became obligated to the corporation to perform such promise.

An assignee in writing of rights under a nonnegotiable contract, although by G. L. (Ter. Ed.) c. 231, § 5, he can bring an action thereon in his

own name against the other party to the contract, has no greater rights in such action, nor is the defendant put in any worse position, than would have been the case had the assignor brought the action.

A contract between a corporation and the sales agent of a manufacturer of leather that, in consideration of the corporation's lending money to the manufacturer for the purchase of hides to be manufactured into leather and sold through the sales agent, the agent, out of the proceeds of sales, should pay to the corporation the cost of the hides included in the leather so sold, deduct his commission, and pay the balance to the manufacturer, and that, during a period after a notice to terminate the contract, the agent should "pay the corporation as aforesaid," did not entitle the corporation to receive from the agent during such period any sum beyond the cost of such hides.

Evidence did not warrant a finding of an agreement by a corporation, express or implied, to make certain payments as sales agent of a leather manufacturer to another corporation which was agreeing to advance money to the manufacturer for the purchase of hides.

CONTRACT. Writ in the Superior Court dated June 8, 1939.

The case was tried before *Broadhurst*, J.

*S. L. Kaplan*, for the defendant.

*F. P. Garland*, (*J. P. Sullivan* with him,) for the plaintiff.

RONAN, J. This is an action of contract to recover $10,077.62 with interest arising from the sales of leather made by the defendant during September, 1937, as selling agent of the Murray Leather Company, a copartnership, hereinafter called Murray, which sum the plaintiff alleged was due to it. The defendant filed an answer and also a declaration in set-off for $10,000 which it alleged was owed to it by Murray. The jury found in favor of the plaintiff in the sum of $13,369.98 and for the plaintiff on the defendant's declaration in set-off. The case is here on various exceptions of the defendant.

The defendant does not deny that it is accountable for $10,077.62 for the sales of leather but denies that this sum belongs to the plaintiff. The parties for convenience have treated this amount as $10,000. It is undisputed that Murray has owed the defendant $10,000 since January 20, 1937. The defendant also takes the position that it is entitled to set off this amount against the September sales. The parties have stipulated that if the defendant has the right to this set-off the plaintiff is not entitled to recover.

The first count of the declaration sought to recover $176.01 which it was alleged was the cost of the hides from which the leather was manufactured and sold by the defendant during the month of September, 1937. This count was waived by the plaintiff during the trial. It was agreed by the parties that this amount was not included in the second count which was a count upon an account annexed or in the third count for money had and received. Both of these counts were for the "proceeds from the sale of leather" during September, 1937, by the defendant, "as selling agents for . . . [Murray], said proceeds belonging to" the plaintiff. The plaintiff contends that it is entitled to recover these proceeds by virtue of an assignment from the Reconstruction Finance Corporation, hereinafter called the corporation, and by an agreement by the defendant to pay these proceeds to the plaintiff.

The corporation, which was organized under an Act of Congress (U. S. C. [1940 ed.] Title 15, § 601), offered on December 18, 1936, to lend Murray an amount not exceeding $50,000 for the purpose of purchasing hides which Murray was to manufacture into leather. The said loan was to be secured by certain documents of title or accounts receivable. Murray and the defendant entered into a written agreement on January 28, 1937. This agreement contained several preambles reciting the intention of the corporation to make the said loan to Murray which was to be secured by trust receipts or other documents of title to the hides; and that the defendant was to continue as exclusive selling agent of Murray and to guarantee payment for the sales of leather for which it was to receive a commission. In this agreement the defendant promised that, "in consideration of the corporation making the" proposed loan and for the purpose of inducing the corporation to release the hides from the operation of the trust receipts, the agreement would remain in full force and effect until all the indebtedness of Murray to the corporation had been paid; that it would furnish the corporation with prompt advice of all sales of leather; that it would pay the corporation within twenty-eight days the entire

cost of the hides included in the leather shipped by Murray upon the defendant's orders during the preceding month; that it would store and keep the leather insured for the benefit of the corporation; and that it would sell the leather at prices fixed by Murray. The corporation reserved the right to repossess the leather at any time without liability to the defendant. Murray agreed to ship the leather in accordance with the defendant's orders, and the defendant after deducting its commission and payments made to the corporation for the cost of the hides was to guarantee and pay to Murray not later than twenty-eight days from the first of the month the balance for all sales made during the previous month. Both Murray and the defendant agreed that any breach by them of the agreement would not discharge the defendant from performing its obligations to the corporation "as set forth in this agreement." The defendant was given the right in the third paragraph of the agreement to terminate its selling agency by giving sixty days' written notice to the corporation and to Murray, and during said sixty days Murray was to continue to ship leather in fulfilment of the defendant's orders and the defendant "shall pay the corporation as aforesaid for all goods so sold and/or shipped." Murray had the right to terminate the selling agency by giving a similar notice "upon the terms set forth in paragraph 3." This agreement was not executed by the corporation but was approved as to form and substance by its counsel. Thereafter, the corporation made the loan to Murray and the defendant made monthly payments to the corporation for the cost of the hides included in the sales of the leather, deducted its commission and paid the monthly balance to Murray. The corporation on August 26, 1937, assigned to the plaintiff all its interests in trust receipts and other documents of title held by it as security for the payment of this and a previous loan to Murray, and also all its rights in the written agreement of January 28, 1937. Murray on August 11, 1937, notified the defendant that the sales agency would terminate in sixty days, and on the same day Murray

entered into a new agreement with the plaintiff with reference to financing Murray's business. There was evidence that the plaintiff notified the defendant's treasurer before and after it entered into this new agreement that any moneys collected would thereafter come to the plaintiff instead of to the corporation until the Murray account was fully paid. The plaintiff knew before it purchased Murray's account from the corporation that Murray owed the defendant $10,000, and when it demanded payment for the September sales it was informed by the defendant that it was owed this money by Murray and the defendant intended to keep it.

The first inquiry is whether the plaintiff by virtue of the assignment to it from the corporation became the owner of the proceeds from the September sales. The defendant contends that the corporation was not a party to the agreement of January 28, 1937, because, although it was executed by the defendant and Murray, it was never signed by the corporation. The corporation was not a formal party to the written agreement. It is plain, however, that the agreement was an offer to the corporation which, upon performance by the corporation of the things mentioned in the agreement that were to be performed by it, ripened into a unilateral contract. The execution of this agreement by the defendant and Murray furnished the inducement for the loan from the corporation to Murray and, the corporation having accepted the promises of the defendant made to it in the agreement, the defendant became bound to perform these promises even though the corporation did not execute the written agreement. *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416.

The plaintiff as assignee of a nonnegotiable chose in action under a written assignment from the corporation could sue in its own name. G. L. (Ter. Ed.) c. 231, § 5. This section gave a new remedy but it did not affect the substantive rights of the parties at common law and, as against the defendant, the plaintiff, as assignee of the corporation, did not by means of the assignment obtain any rights in addition to those that the corporation would have

had if it had brought the action. Furthermore, the defendant was not put in any worse position in an action by the assignee than it would have been in if the action had been brought by the corporation. *Levenbaum* v. *Hanover Trust Co.* 253 Mass. 19, 24. *Lewis* v. *Club Realty Co.* 264 Mass. 588, 591. *Goldman* v. *Noxon Chemical Products Co.* 274 Mass. 526, 528. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 311. *Gill* v. *Richmond Co-operative Association, Inc.* 309 Mass. 73, 82.

Unless the corporation was entitled to the balance remaining from the gross monthly sales after the deduction of the commission and the cost of the hides, then the ownership of these monthly balances did not pass by the assignment which it gave to the plaintiff. The only monthly payments that the defendant agreed to make to the corporation were the payments representing the cost of the hides out of which the leather which it sold was manufactured. The defendant guaranteed the payment of the monthly balances to Murray. The defendant did not promise in the agreement of January 28, 1937, to pay them to the corporation. *Lovell* v. *Commonwealth Thread Co. Inc.* 272 Mass. 138. *Electro-Formation, Inc.* v. *Ergon Research Laboratories, Inc.* 284 Mass. 392. *Leventhal* v. *Atlantic Finance Corp.* 316 Mass. 194.

There is nothing in the plaintiff's contention that the defendant agreed to pay these monthly balances to the corporation between the time the notice to terminate the agreement was given and the expiration of the agreement, which in this case was from August 11, 1937, to October 11, 1937. The agreement provided that during this period the defendant "shall pay the corporation as aforesaid for all goods so sold and/or shipped." The interpretation of this written agreement is a question of law for the court. *Rizzo* v. *Cunningham*, 303 Mass. 16, 20. *Tritsch* v. *Ayer Tanning Co. Inc.* 316 Mass. 598, 603. The clause just quoted did not in terms impose any obligation upon the defendant to pay the corporation for all goods sold by the defendant or shipped by Murray on the defendant's orders subsequent to notice of termination of the agree-

ment. No one contends that the defendant was not entitled to its commission on leather that it sold during this period. The only promise which the defendant had made in the agreement with reference to payments to the corporation and which appeared in the agreement earlier than the words last quoted was to make monthly payments to the corporation for the cost of the hides. This was the only promise to which the words "as aforesaid" could refer. *Sanborn* v. *Chamberlin,* 101 Mass. 409, 418. *Central National Bank* v. *Pratt,* 115 Mass. 539, 544. In no other way can the words "as aforesaid" be given meaning. It is to be assumed that the parties in executing the agreement thought that the words they employed were necessary to express their intent and that in the absence of anything indicative of a contrary intent all the words which they used were to be given their ordinary meaning. It is a general rule in the construction of contracts that whenever practicable every word shall be given some effect. *Cloverdale Co.* v. *Littlefield,* 240 Mass. 129. *Bray* v. *Hickman,* 263 Mass. 409. *Rose-Derry Corp.* v. *Proctor & Schwartz, Inc.* 288 Mass. 332. *Morgan* v. *Burlington,* 316 Mass. 413. The instant agreement did not bind the defendant to pay the corporation the monthly balances, and the plaintiff by virtue of the assignment alone was not entitled to recover the monthly balance for the September sales as distinguished from the cost of the hides. If, notwithstanding the waiver of the first count for the cost of the hides and the admission made at the pretrial hearing that the claim set forth in the first count was not contained in the other counts, the plaintiff contended that the second and third counts of its declaration included items for the cost of the hides out of which the leather sold in September was manufactured, it was its duty to prove such items. This it did not do. The defendant was not bound by the written agreement of January 28, 1937, to pay the monthly balances to the corporation and the plaintiff as assignee of the corporation did not acquire any rights to these balances. The judge should have so ruled and there was error in sub-

mitting this issue to the jury. *Atwood* v. *Boston*, 310 Mass. 70. *Central Trust Co.* v. *Rudnick*, 310 Mass. 239. *Thomas P. Nichols & Son Co.* v. *National City Bank*, 313 Mass. 421.

The plaintiff's second ground upon which it sought to maintain the action is that the defendant orally agreed to pay it the monthly balances. There was evidence that the president of the plaintiff after August 11, 1937, when it entered into a new written agreement with Murray, spoke to a director of the defendant, and that before and after this date he spoke to the defendant's treasurer. What was said does not appear except that the president of the plaintiff told the defendant's treasurer that the plaintiff was entering into an arrangement with Murray similar to the one Murray had with the corporation, and that any money that the defendant collected would thereafter come to the plaintiff instead of to the corporation until the Murray account was fully paid. There is no evidence of what, if anything, the treasurer said. This evidence would not support a finding that the defendant promised to pay the plaintiff the money that it now seeks to recover. Apart from the lack of authority of the defendant's treasurer to change the method of payments as fixed by the agreement of January 28, 1937, and apart from any question of consideration, this conversation did not constitute any promise of the defendant to pay the monthly balances to the plaintiff. All that its president stated was that thereafter the payments that the defendant had undertaken to make to the corporation were to be made to the plaintiff. This did not include the payments of the monthly balances which, as already pointed out, the defendant had never agreed to make to the corporation. There was nothing in the circumstances attending this conversation that fairly could be understood as a demand for the payment of these monthly balances, and there was nothing to indicate that the defendant's treasurer knew or ought to have known that such payments were expected from the defendant. The matter was already covered by an existing agreement. The evidence would

not support any implied obligation upon the part of the defendant to make these payments. *Spring* v. *Hulett*, 104 Mass. 591, 592. *O'Conner* v. *Hurley*, 147 Mass. 145. *F. W. Zemier & Co. Inc.* v. *Beacon Investment Association, Inc.* 232 Mass. 507, 508. *Sears* v. *Corr Manuf. Co.* 242 Mass. 395, 399. *Yurgelun* v. *Emery*, 282 Mass. 571.

The payments made by the defendant to the plaintiff subsequently to the assignment from the corporation to the plaintiff do not support the plaintiff's contention that these payments indicate the existence of an implied undertaking by the defendant to pay these monthly balances to the plaintiff. The first payment to the plaintiff was for the cost of the hides included in the July sales and the balance was paid to Murray. No subsequent payment was made to the plaintiff except on the written request of Murray as shown by the documentary evidence.

The result is that the plaintiff was not entitled to go to the jury on either of the only two issues upon which, it contended at the trial, it was entitled to recover. The plaintiff now argues that there are other grounds upon the evidence sufficient to maintain the action and that there was no error in the denial of the defendant's motion for a directed verdict. See G. L. (Ter. Ed.) c. 231, § 122; *Archer* v. *Eldredge*, 204 Mass. 323, 327; *Boston Tow Boat Co.* v. *Medford National Bank*, 228 Mass. 484, 487; *Cummings* v. *Hotchkin Co.* 292 Mass. 78, 83; *Weston* v. *Fuller*, 297 Mass. 545, 548. The evidence does not warrant a finding that the plaintiff had any right to the proceeds of the September sales by virtue of any assignment from Murray. Murray under date of October 20, 1937, wrote the defendant that "you are hereby authorized to forward your check for September sales to" the plaintiff. The defendant did not forward any check but retained all money on account of the indebtedness of Murray. There was no evidence that this letter was ever delivered to the plaintiff. The plaintiff could not maintain an action on any promise of the defendant to pay it upon receipt of this letter because it never promised to pay the plaintiff and, the letter never having

been delivered to the plaintiff, the plaintiff did not acquire any vested present interest in the money. If we assume that the letter was more than a mere authority or direction to pay the plaintiff, it did not operate as an assignment in the absence of a delivery or something equivalent to delivery to the plaintiff. *Mowry* v. *Todd*, 12 Mass. 281. *Kingman* v. *Perkins*, 105 Mass. 111. *White* v. *Coleman*, 127 Mass. 34. *Richardson* v. *White*, 167 Mass. 58. *Stratton* v. *Athol Savings Bank*, 213 Mass. 46. *O'Connell* v. *Worcester*, 225 Mass. 159. *Andrews Electric, Inc.* v. *St. Alphonse Catholic Total Abstinence Society*, 233 Mass. 20. *Finegan* v. *Prudential Ins. Co.* 300 Mass. 147, 152. *Sullivan* v. *Hudgins*, 303 Mass. 442, 447. *Schreiber* v. *Keller Mechanical Engraving Co.* 57 Misc. (N. Y.) 644. Am. Law Inst. Restatement: Contracts, § 163 (1).

Neither did the plaintiff, by virtue of the written agreement made with Murray on August 11, 1937, acquire any rights in the fund held by the defendant. The defendant was not a party to this agreement and did not know its contents. The obligation of the defendant to pay Murray was fixed by the agreement of January 28, 1937, which in some respects continued in effect until the payments were made in November, 1937, for the October sales which ceased on October 11, 1937. Murray until the latter date was obliged to ship goods on orders from the defendant, and the defendant was obliged to collect the amount of the sales and guaranteed their payment to Murray. The agreement of January 28, 1937, was not superseded nor affected by the agreement of August 11, 1937. It is plain from an examination of this latter agreement, which dealt in considerable detail with the accounts of customers of Murray, that it did not include the shipments made by Murray upon the defendant's orders.

It follows that the plaintiff upon all the evidence has failed to prove that it was entitled to the proceeds of the September sales. The exceptions of the defendant to the denial of its motion for a directed verdict are sustained. No amount, therefore, is recoverable by the plaintiff. The defendant makes no contention that in this event it is en-

titled to a judgment on its declaration in set-off.   See G. L. (Ter. Ed.) c. 232, § 11.

*Exceptions sustained.*
*Judgment for the defendant.*