E. J. CHAPMAN *v.* HENRY W. ALLEN *&* TRUSTEES.

(55 A2d 125)

May Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion Filed October 7, 1947.

*Alban J. Parker* and *Palmer D. Ainsworth* for the plaintiff.

*Joseph A. McNamara* and *Charles F. Ryan* for the claimant.

JEFFORDS, J. From the agreed statement of facts filed in the case it appears that the defendant and his wife borrowed a certain sum of money from the Farm Security Administration. As security for the loan a chattel mortgage was given. Later, in order to save the expense of foreclosure, the mortgagee consented in writing to the sale by the mortgagors of the property covered by the mortgage. It was stated in the instrument that by giving the consent the mortgage lien was not waived. The parties then executed a written agreement for a public sale of the mortgaged prop-

erty. It was therein provided that the auctioneer, clerk of the sale, or other person signing the agreement, who may receive the proceeds of the sale agree to hold the same in trust for the purposes of the agreement and to distribute them to the parties entitled thereto. Among such parties was the morgagee, to the extent of its loan. The agreement was signed by the auctioneer and clerk of the proposed sale.

The auction was advertised with no statement appearing in the notice to indicate that any persons other than the Allens had any legal title or interest in the property to be sold. During the sale the writ in this case was served on the defendant and on the auctioneer and clerk of the sale as trustees. The auctioneer filed a disclosure in which it was stated that he had no funds in his possession belonging to the defendant but that he had received certain funds from the sale of property on which the Farm Security Administration held a chattel mortgage lien.

The case was heard on the question of the liability of the trustees. Findings were made favorable to the trustees and a judgment for them was entered. The plaintiff was granted exceptions to the judgment and the case was passed to this Court under the provisions of P. L. § 2072.

█ The only question for us to determine is whether the mortgagee by consenting to the sale waived its lien on the mortgaged property so that the funds in the hands of the auctioneer were subject to trustee process. All of the cases which we have found hold that when, as here, a mortgagee consents to the sale of the mortgaged property on condition that a third person receive the proceeds of the sale as trustee to apply the same on the mortgage debt, the mortgagee is entitled to such proceeds as against a creditor of the mortgagor who trustees such third person. See *Minneapolis Threshing Mach. Co.* v. *Calhoun,* 37 SD 542, 159 NW 127; *Hoyt* v. *Clemans,* 167 Ia 330, 149 NW 442, LRA 1915C 166; *Wilson* v. *Geiss,* 153 Minn 211, 190 NW 61; *Carpenter* v. *Forbes,* 211 Wis 648, 247 NW 857; *Farmers State Bank* v. *Kavanaugh,* 98 Okla 119, 224 P 525; Ann. 36 ALR at p. 1390; 14 CJS 892. The holdings are usually based on the proposition that such third person, whether or not so specifically designated, receives the proceeds as trustee for the mortgagee and as soon as they reach the hands of the trustee they become subject to the trust, and he is under no obligation to pay them over to the mortgagor, nor can the latter

collect them from him, and the creditor, acquiring no greater rights, cannot recover the proceeds from the trustee. Applying the law as above set forth to the case at hand, we hold there was no waiver and that the funds in question were not subject to trustee process.

The plaintiff relies on *Johnson* v. *Tuttle,* 108 Vt 291, 187A 515, 106 ALR 1291, and other cases from this Court which hold that a mortgagee by consenting to a sale of the mortgaged chattels waives his lien and a purchaser takes the property free of the mortgage. This general rule of law is well recognized and is not here questioned.

The plaintiff also cites authorities as holding that the consent of the mortgagee that the mortgagor may sell the mortgaged property given upon the agreement of the mortgagor that he will apply the proceeds on the mortgage debt has the effect of extinguishing the lien and renders the proceeds found prior to their reaching the mortgagee subject to trustee process by other creditors of the mortgagor.

The rule laid down in the Johnson case, supra, and the other rule just above referred to are recognized in *Minneapolis Threshing Mach. Co.* v. *Calhoun, supra,* and are shown, for the reasons therein stated, not to apply to cases where consent has been given on condition that a third person be designated to receive the proceeds of the sale and apply them on the mortgage debt.

*Judgment for the trustees is affirmed and the cause is remanded.*