PEREGOY & MOON, Appellees, v. WHEELER & HERELD, Appellants.

**Appeal:** QUESTIONS NOT RAISED BELOW: PLEADING: SEVERAL COUNTS: ONE PRAYER FOR JUDGMENT: INSTRUCTIONS TO JURY: EVIDENCE TO WARRANT SUBMISSION OF ISSUE AND TO SUPPORT VERDICT.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

MONDAY, MAY 22, 1893.

ACTION to recover the value of certain personal property, in excess of the amount of a mortgage thereon, owned by the defendants. There was a trial by jury, and a verdict and judgment for the plaintiffs. The defendants appeal.—*Affirmed.*

*Sims & Bainbridge,* for appellants.

*Flickinger Bros.,* for appellees.

ROBINSON, C. J.—During the latter part of the year 1886, Jacob Ernstdorf and Kate, his wife, were engaged in keeping a chophouse and saloon in the city of Council Bluffs. The business was carried on in the name of the wife. In July of that year she gave to the defendants a mortgage on all the chattel property, including fixtures, used in the business, to secure two notes for the aggregate amount of eight hundred and eighty-seven dollars. On the tenth day of January, 1887, Ernstdorf and his wife gave to the plaintiffs a chattel mortgage on the same property to secure a note to them for two hundred and seventy-three dollars and fifty-two cents, and on the next day the mortgagors gave to Schneider & Beck a third mortgage on the property to secure a note for two hundred and twelve dollars and thirty-six cents. The business was closed at about the time the last two mortgages were given, and the defendants took possession of the mortgaged property, retained and disposed of a portion of it in Council Bluffs, and took the remainder to Lincoln, Nebraska.

The plaintiffs own the note and mortgage originally given to them, and claim to own, as assignees, the note and mortgage to Schneider & Beck, and the interest held by Ernstdorf, subject to the three mortgages described. They allege in the first count of their petition that the defendants, in consideration of being permitted to take possession of the mortgaged property and remove it to Lincoln, assumed and agreed to pay the indebtedness secured by the second and third mortgages, and to account to Ernstdorf for all money received in excess of the mortgage liens, and that they sold the property for the sum of two thousand dollars. In the second count the plaintiffs allege that the defendants, without authority so to do, wrongfully converted the mortgaged property to their own use. The defendants admit that a verbal agreement was made by them, the holders of the junior mortgages, and the mortgagors, for the removal of the property from Council Bluffs, and aver that they were to dispose of it, and, if they should realize more than sufficient to pay their claim, after deducting the necessary expenses of removing and disposing of it, they were to pay the surplus to the plaintiffs and Schneider & Beck, to be by them divided as they should agree. They further aver that they disposed of the property, but did not realize enough therefrom to pay the amount of the mortgage indebtedness due them. The verdict in favor of the plaintiffs was returned on the eighth day of October, 1891, for seven hundred and fifteen dollars and ninety-five cents, and judgment was rendered in their favor for that amount.

I. The appellants contend that the first count of the petition was insufficient, because it contains no allegation of indebtedness nor prayer for judgment. The objection thus made was not presented by any pleading, nor by a motion in arrest of judgment, and we do not think it is well founded. The first count sufficiently alleges an indebtedness in the sum of one thousand, eight hundred dollars, and at the close of the second

count judgment is demanded for that amount. Subdivision 5, section 2646, of the Code provides that "one prayer for judgment may include a sum based on all counts looking to a money remedy." The demand for judgment was sufficient to sustain an allowance on either count.

II. The third paragraph of the charge to the jury is as follows:

"If you find, from a fair preponderance of the testimony, that the defendants undertook and agreed with the plaintiffs, Schneider & Beck, and Ernstdorf and wife, to pay and discharge the indebtedness to the plaintiffs, and said Schneider & Beck, without condition or reservation, in consideration for the right and privilege granted to said defendants to take possession and dispose of the property covered by said mortgages, divested of the liens thereon, and freed from the rights of said Ernstdorf and wife therein, and in addition thereto, to pay to said Ernstdorf and wife any surplus they should receive over and above the lien thereon, then, and in that event, that would constitute an enforceable contract, and the defendants would be bound thereby: *and if you further find that the defendants took possession of said property under and by virtue of such contract, and sold and converted the same to their own use and benefit, then the defendants would be liable for the amount of the indebtedness to the plaintiffs and said Schneider & Beck, and for any surplus of the price received or value of the property, if any, converted over and above the liens on said property;* and the plaintiffs will be entitled to recover the amount they have shown a right to recover by a fair preponderance of the evidence, as hereinafter explained and set forth."

The appellants complain of the portion of the paragraph which we have italicized. It is undoubtedly true that it is erroneous, in requiring proof of a conversion of the property by defendants, in addition to proof of an unconditional agreement on their part to pay plaintiffs and Schneider & Beck the indebtedness due them and to Ernstdorf and wife, the surplus, if any, remaining after the payment of the three mortgages, to entitle the plaintiffs to recover, but defendants can not have been prejudiced by the error. It imposed upon the plaintiffs the burden of proving more than should have been required of them, and of that the defendants have no reason to complain.

III. The court charged the jury that, if the defendants converted the property to their own use, they would be liable for its reasonable market value at the time and place of its conversion, with six per cent. interest thereon from that time. It also charged them that "defendants should be allowed all the costs and expenses incurred by them in good faith in disposing of the property, and in getting returns therefrom." The appellants contend that there is a conflict between these portions of the charge. The thought of the charge seems to be that the defendants should be allowed for the costs and expenses incurred by them in good faith in carrying out their agreement, even though they did convert the property, or a portion of it, to their own use. That is made manifest by a portion of the charge following that last quoted, which is as follows: "If the contract is as claimed by defendants, so long as they acted in good faith, and within the terms and conditions of the contract, they are

protected, but, if they acted in bad faith, and went beyond the terms and conditions of the contract, then they are to be held to account, as I have stated.'' But conceding, for the purposes of this case, that there was error as claimed, it tended to the benefit of the defendants by increasing their allowance for costs and expenses, and was not in any manner prejudicial to them.

IV. It is contended that the court erred in submitting to the jury any question in regard to the agreement pleaded in the first count, for the alleged reason that there was no evidence of such an agreement. Although much of the evidence offered by the plaintiffs tended to show a conversion of the property, yet some of it tended to prove the agreement pleaded, and the court properly submitted to the jury the question whether it was made.

V. The appellants insist that there was no evidence of the conversion of the property in question; hence that the court erroneously charged the jury in regard to a conversion, and that the verdict is not supported by the evidence. Their theory is that the second and third mortgages were released before the property was removed from Council Bluffs; hence, that there could not have been a conversion of it. In our opinion the jury would not only have been justified in finding that the mortgages were not released, but any other finding would have been contrary to the preponderance of the evidence. Permission was given to the defendants to remove the property to Lincoln, but such removal was to be for the purpose of selling the property to procure the means with which to satisfy the mortgages. A sale made for that purpose, under the agreement of the parties in interest, would have had the effect to release the mortgages; but the evidence shows no intent on the part of the plaintiffs or Schneider & Beck to release their respective mortgages until such a sale should be made. Only a part of the mortgaged property was removed to Lincoln. That portion used in the chophouse department of the business carried on by Ernstdorf and wife, amounting to about four hundred and twenty dollars in value, was sold in Council Bluffs. There is testimony to the effect that liquors, cigars, potatoes, eggs, and canned goods, to the value of about two hundred and fifty dollars, were taken by defendants, and kept in Council Bluffs, and also a small sum of money, and that the property used in the saloon part of the business, of the value of about one thousand five hundred dollars, was taken to Lincoln. There is conflict in the evidence in regard to the purpose of the defendants in removing the saloon property from Council Bluffs. The fact is, they used it to open a saloon in Lincoln, which they ran for seven months, and which was continued to be run in their name for five months longer. They claim that they opened it for the purpose of selling the property, and that they sold it at the end of seven months. They seek to have allowed, as expenses incurred in selling the property, the cost of fitting up the saloon and a license to run it. The evidence shows that they intended to open the saloon when they removed the property from Council Bluffs, but that they concealed their purpose from the other persons interested, notwithstanding their claim that the saloon was opened to effect a sale of the property. They sold the

·property, including some additions they had made, for one thousand, eight hundred dollars, received six hundred dollars in money, and a chattel mortgage on the property, and a real estate mortgage on property in this state to secure the remainder. They claim that a part of the price received was for the unexpired part of the license, which cost one thousand dollars for one year, and that they did not realized the full amount secured by the mortgages which were given to them. But we are satisfied that, whether the jury found in favor of the plaintiffs on the first or second count of the petition, the amount of their recovery is not excessive. The jury might have found that the agreement pleaded in the first count was made, or that the defendants converted the property to their own use, as charged in second count. It is shown that the plaintiffs are entitled to recover for the interests conferred upon Schneider & Beck and that retained by the mortgagors, as well as the amount of the claim secured by the mortgage to them. In our opinion the verdict was fully sustained by the evidence.

The conclusions announced dispose of all material questions in the case. The judgment of the district court is AFFIRMED.