Argued September 18, affirmed October 8, 1918.

ANDERSON *v.* ANDERSON.

(175 Pac. 287.)

**Judgment—Lis Pendens—Setting Aside Default—Effect.**

1. Order under Section 59, L. O. L., setting aside default, restores the cause to the court's control, so that it becomes *lis pendens* with all its incidents.

**Judgment—Vacating Orders—At Same Term.**

2. At the term at which a court makes an order or determination, though it be a final judgment or decree, it may modify or vacate it.

**Judgment—Vacating Orders—After Term.**

3. The court, making an order vacating a default and giving time extending into the next term to answer, has jurisdiction at next term after filing of answer to vacate the order.

**Judgment—Opening Default—Setting Aside Order of Opening.**

4. The court, being convinced that it had been imposed on in vacating a default and allowing defendant to answer, can set aside the order as improvidently made.

**Appeal and Error—Recital in Order.**

5. Recital of fact in order appealed from imports absolute verity if nothing else is shown, as aga'nst unverified assignment of error and statement of counsel in brief.

**Judgment—Opening Default—Accompanying Answer.**

6. Application for leave to answer after default must be accompanied by proposed answer.

**Appeal and Error—Affirmancé—Reason.**

7. Order vacating order opening default and allowing answer will be affirmed, assuming reason given in vacating order to be unsound, the record showing application to open default should have been denied because not accompanied by proposed answer.

> [As to absolute right of defendant not personally served to have judgment opened and to defend, see note in **Ann. Cas.** 1916B, 565.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

On October 21, 1916, Hannah F. Anderson obtained a default divorce decree against the defendant, Albert J. Anderson, having served the summons by publication. On January 30, 1917, after consideration of affidavits of the parties *pro* and *con*, the court took off the default of the defendant and allowed him ten days in which to answer the plaintiff's complaint. The essence of the defendant's affidavit was to the effect that he had no actual notice of the pendency of this suit. The answer was not filed with the affidavit, but was deposited with the clerk on February 3, 1917. Three days afterward the court made the following order:

"Comes now the above-named plaintiff by her attorney in open court and moves that the *order* heretofore granted by this court setting aside the default in the above-entitled cause be stricken from the records and held for naught.

"And it appearing to the court, from a letter exhibited by plaintiff written by defendant, and dated the fifth day of August, 1916, and addressed to plain-

tiff, therein acknowledging notice of the divorce proceedings pending in this court, showing thereby that he had received notice thereof nearly three months prior to the hearing and granting of the decree in said cause,

"IT IS THEREFORE ORDERED that said order heretofore granted setting aside said default in said above cause and allowing defendant to answer and file his cross-complaint in said cause, be and the same is hereby annulled, set aside and stricken from the records, and that the motion of defendant to set aside said default is denied."

The defendant appealed, assigning two grounds of error; first:

"That the court erred in the impromptu hearing held on the sixth day of February, 1917, wherein he accepted as genuine, without the introduction of testimony, a letter purporting to be written by said defendant to said plaintiff on the fifth day of August, 1916," and, second, substantially that the Circuit Court was in error in making the order at all.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George P. Lent.*

No appearance for respondent.

BURNETT, J.—1. In opening the default the court operated under Section 59, L. O. L., to the effect that within one year after the rendition of a decree the defendant against whom publication is ordered may be allowed to defend the action on application and sufficient cause shown. The result of this was to restore the cause to the control of the court so that it became *lis pendens* with all its incidents, just as much as if it had been appealed to the Supreme Court, reversed and remanded for further hearing.

2, 3. It is well settled that any order or determination of a court, although it be a final judgment or decree, may be altered, modified or reversed by the court making it, at any time, during the term at which it is made: *Deering & Co.* v. *Quivey (Deering* v. *Creighton),* 26 Or. 556 (38 Pac. 710) ; *Ayers* v. *Lund,* 49 Or. 303 (86 Pac. 806, 124 Am. St. Rep. 1046) ; *Zelig* v. *Blue Point Oyster Co.,* 61 Or. 535 (113 Pac. 852, 122 Pac. 756) ; *First Christian Church* v. *Robb,* 69 Or. 283 (138 Pac. 856). The reason is based on the old common-law fiction that the whole term is considered as being but one period of time, all parts of which are ever present before the presiding judge, who makes of it but one transaction, with the condition that when it has lapsed, either by adjournment *sine die* or by operation of law, the whole matter has passed from the bosom of the court and beyond its control. This much is true only of final judgments or decrees fully disposing of the whole litigation. The cases of *Reynolds* v. *Barnes,* 76 Pa. St. 427, and *Horner* v. *Hower,* 39 Pa. St. 126, cited by the defendant, are both instances where the effort was to attack a final judgment in the court rendering it and that too long after the close of the term at which it was entered. Those precedents are not applicable to a situation where control of the cause has been restored to the court as in this instance. If, therefore, the authority of the court is retained so that something remains to be done, although it is carried over to some succeeding term, the court still has power to alter, modify or reverse the previous decision, especially if the order to be changed is interlocutory in its nature. In Multnomah County, whence this appeal originates, there is a term of the Circuit Court beginning on the first Monday of each month in the year except July and August. We discern from the record, therefore,

that the default was removed at the January term. The answer was filed and the order from which this appeal is taken was made at the February term. Taking off the default restored the cause to the control of the court and at the latter term it was in the same condition that it was prior to the final decree, and hence ripe for the action of the court in setting aside the interlocutory order allowing the defendant to answer. It was within the jurisdiction of the court, therefore, to vacate the order allowing the defendant to answer: *Henrichsen* v. *Smith,* 29 Or. 475 (42 Pac. 486, 44 Pac. 496).

4, 5. It becomes necessary, then, to determine whether the record before us shows that the court was wrong in making the order attacked by the appeal. If, as a matter of fact, the court was convinced that it had been imposed upon in making the order allowing the defendant to answer, and had been the victim of the defendant's deceit, it had the right to set it aside as having been improvidently made. It is recited in the order from which the appeal is taken that a letter written by the defendant was exhibited to the court from which it appeared that he had knowledge of the divorce proceedings nearly three months prior to the final decree. This being true, he fraudulently imposed upon the court when he represented by his affidavit that he had no such information. The recital in the journal of the court imports absolute verity if nothing else is shown. We have no legal data in the record enabling us to dispute the statement of the court that the letter was the genuine writing of the defendant. All we have in opposition is the unverified assignment of error and the statement of counsel in the brief to the effect that the court accepted the letter as genuine, without the introduction of testimony, and no showing

whatever is made that the document is not authentic. We cannot say, therefore, that the court exercised its function erroneously when it set aside the interlocutory order taking off the default.

6, 7. Besides all this, however, a good reason for the court's action is found by an inspection of the record, so that it was justified in holding as erroneous the order in opening the default. It is a well-established rule in this state that all applications for leave to answer after default must be accompanied by the answer proposed: *Oregon Investment & Mortgage Co.* v. *Keller*, 85 Or. 262 (166 Pac. 762). The record before us shows that the answer was not presented with the application for leave to answer, but was filed during the next term of court. The application ought to have been denied in the first place. Conceding, therefore, for the sake of the argument, that the reason given by the court based upon the letter was not sound, yet we discover in the record a good reason for the court's correcting its own error. The decree appealed from must be affirmed.    Affirmed.

McBride, C. J., and Benson and Harris, JJ., concur.