Argued June 10, reversed with directions July 13, rehearing denied July 27, 1920.

# SCHOOL DIST. No. 1 *v.* ASTORIA CONST. CO.

### (190 Pac. 969.)

**Judgment—Void Order as to Amount of Recovery—Verdict—Costs —Jurisdiction.**

1. A judgment order as entered in the court's journal, being blank as regards the amount to be recovered, is void, even as to the award of costs; the court, without a judgment on the verdict, being without jurisdiction to award a judgment for costs.

**Judgment—Entry of Judgment Order may be Corrected by New Order of Court—Statutes.**

2. While the court could amend its journal entry of a judgment order, blank as to amount of recovery, it may disregard it and, under Section 204, L. O. L., make a new order, entry of which will stand as the final adjudication.

**Appeal and Error—Void Judgment Entry is Appealable.**

3. Though judgment order as entered is void because of being blank as to amount of recovery, it is appealable.

From Clatsop: JAMES A. EAKIN, Judge.

Department 1.

This is an action for the recovery of money, which was tried by the court and a jury, resulting in a verdict for plaintiffs, and immediately thereafter, on December 21, 1918, the following "judgment order" was entered on the journal of the court:

"This cause having come on regularly for trial, plaintiffs appearing in person and by their attorneys, Norblad & Hesse, defendant Astoria Construction Company appearing by its attorneys, E. E. Mathison and Charles Robison, defendant Massachusetts Bonding and Insurance Company appearing by its attorney, D. P. Price, and defendant New Amsterdam Casualty Company appearing by its attorney, James L. Conley, and a jury having been duly sworn and impaneled to try the issues in said cause, having re-

turned into court with their verdict in favor of the plaintiffs for the sum of $3,756.35.

"Now, therefore, by reason of the law in the premises, it is hereby ordered, adjudged, and decreed that plaintiff, School District No. 1 of Clatsop County, for the use and benefit of James Hansen and Hans Nelson, copartners, doing business under the firm name and style of Hansen and Nelson, do have and recover of and from the defendants Astoria Construction Company, Massachusetts Bonding and Insurance Company, and New Amsterdam Casualty Company, corporations, defendants, the sum of $——, together with its costs and disbursements in the sum of $91.30, and that a writ of execution issue therefor."

Thereafter the defendants perfected an appeal, and upon an examination of defendants' printed abstract of record, plaintiffs' attorneys, for the first time, discovered that the judgment entry was a blank as regards the amount to be recovered. They then promptly filed the following motion:

"Comes now the above-named plaintiff, by Norblad & Hesse, its attorneys, and based upon the affidavit of F. C. Hesse, attached hereto and made a part hereof, moves at this time this honorable court for the entering of a judgment in favor of plaintiff and against defendants for the sum of $3,756.35, in accordance with the verdict of the jury in the above-entitled cause, together with costs and disbursements in the sum of $91.30."

Notice of the hearing upon this motion was given to defendants, who appeared, and thereafter on March 26, 1919, the court made and entered the following order:

"Now, at this time, coming on to be heard, plaintiff's motion for a judgment against defendants, in accordance with the verdict of the jury heretofore duly returned, on the 20th day of December, 1918, plaintiff appearing by Norblad & Hesse, its attor-

neys, and defendants appearing by E. E. Mathison, one of its attorneys, and after listening to argument of counsel, and the court being fully advised in the premises, and being of the opinion that the said motion is well taken;

"Now, therefore, it is ordered, adjudged, and decreed that plaintiff, School District No. 1 of Clatsop County, for the use and benefit of James Hansen and Hans Nelson, copartners doing business under the firm name and style of Hansen and Nelson, do have and recover of and from the defendants, Astoria Construction Company, Massachusetts Bonding and Insurance Company, and New Amsterdam Casualty Company, corporations, the sum of three thousand seven hundred and fifty-six dollars and thirty-five cents ($3,756.35), together with its costs and disbursements in the sum of $91.30, and that a writ of execution issue therefor."

Thereafter plaintiffs filed their motion to dismiss this appeal upon the ground that the judgment from which defendants have appealed has been superseded by the later judgment entry, from which no appeal has been taken.    REVERSED WITH DIRECTIONS.

For appellants there was a brief over the names of *Mr. James L. Conley, Mr. D. P. Price, Mr. E. E. Mathison* and *Mr. C. W. Robison,* with oral arguments by *Mr. Conley* and *Mr. Price.*

For respondents there was a brief over the name of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. F. C. Hesse.*

BENSON, J.—1-3. The judgment entry which was first made is obviously no judgment at all. The jury had returned a verdict for $3,756.35, but the order as entered in the journal of the court gives the plain-

tiffs no sum whatever.   Neither is the judgment for costs therein of any value, since, without a judgment upon the verdict of the jury, the court was without jurisdiction to award a judgment for costs.   Under these conditions, the court, upon having its attention called to the condition of its record, could either amend its journal entry, thereby validating it, or it could order an entry of judgment in like manner as if no attempt had been made in that direction, under authority of Section 204, L. O. L., treating the former entry as a nullity, and this is just what the court did, with full notice to and actual knowledge upon the part of the defendants.   It follows that the judgment entry of March 26, 1919, is the only valid judgment that has been entered in the case, and, not having been appealed from, stands as the final adjudication of the action.   However, the judgment entry of December 21, 1918, although void, is appealable: *Therkelsen* v. *Therkelsen,* 35 Or. 75 (54 Pac. 885, 57 Pac. 373); *Oregon R. & N. Co.* v. *Eastlack,* 54 Or. 196 (102 Pac. 1011, 20 Ann. Cas. 692).

The order of December 21, 1918, is therefore reversed, and the cause remanded to the Circuit Court, with directions to enter an order vacating such entry.

Reversed With Directions.

McBride, C. J., and Burnett and Harris, JJ., concur.