## ADAMI v. BOWERS. (No. 3276.)

Court of Civil Appeals of Texas. Amarillo. Oct. 2, 1929.

Rehearing Denied Nov. 13, 1929.

Lockhart, Garrard & Brown, of Lubbock, for appellant.

R. L. Graves, of Brownfield, for appellee.

RANDOLPH, J. This suit was instituted by R. L. Bowers, as plaintiff, against O. B. Adami, as defendant. Plaintiff's petition alleged the execution by one Purdy of a note for $500, payable to the order of plaintiff, the payment of which note was secured by a chattel mortgage on the furniture, fixtures, and equipment of the Ideal Bakery in Brownfield, Tex., and which mortgage was a second lien against said property and given subject to a prior indebtedness in the amount of $1,400, due and owing to Adami. Purdy was alleged to be insolvent. The appellant Adami, on or about the 8th day of July, 1926, is charged to have converted said property to his own use and benefit, and it is further alleged that such property was of sufficient value above the amount of the first lien to have satisfied appellee's debt, and that, by reason of the conversion of his property, plaintiff has been damaged in the amount of his indebtedness.

By way of answer, appellant Adami alleged that on March 16, 1926, said Purdy executed to him notes to the amount of $1,400, to secure which Purdy executed and delivered to appellant a chattel mortgage covering all of the property described in appellee's petition; that said Purdy made default in the payment of such notes; that, on the 17th day of July, 1926, appellant instituted suit on said notes and secured a judgment against said Purdy for the sum of $1,654.98, with a foreclosure of the chattel mortgage lien on such furniture and fixtures; that appellant took over said property by virtue of said judgment and foreclosure of lien; that he did not unlawfully take possession of or convert appellee's property to his own use and benefit; that appellee knew of the pendency of said suit and could have protected himself in paying off appellant's debt; that since he permitted said property to be sold in satisfaction of said debt, and has not and does not offer to pay appellant the amount due on his said judgment, he is and should be estopped from claiming anything against appellant or against said property.

Trial was had before the court without the intervention of a jury, and judgment was rendered by the court holding that the defendant, O. B. Adami, in July and September, A. D. 1926, had a first and superior chattel mortgage lien on the property comprising the bakery shop in Brownfield, Tex.; that the defendant, in order to collect the debt secured by said mortgage, some time in July, 1926, took charge of said property with the consent of the mortgagor, and about the 9th of September, 1926, sold the same and received therefor the sum of $1,900; that at the time of said sale there was due defendant on his debt secured by said mortgage the sum of $1,654.98; that at the time defendant took over said property, and at the time he made said sale of same, the plaintiff had a valid and subsisting chattel mortgage lien against said property to secure a note of $500.00, dated July 2, 1926, and due December 15, 1926, being the note described in plaintiff's petition, which mortgage was duly filed for record on July 2, 1926, and of which defendant had notice at the time he took over said property and sold same; that the mortgage lien of the plaintiff was a second lien and inferior to that of the defendant; that, at the time of the sale of the property by defendant, there was due the plaintiff on his said debt the sum of $500 and accrued interest, and none of same has ever been paid; that the defendant used the difference between the sale price

of said property and the amount of his debt, to wit, the sum of $245.02, in paying debts of the mortgagor which were not secured by any lien on said property; that, prior to the time the defendant took over said property, he had brought a suit in this court against the mortgagor to foreclose his said mortgage lien, and, after he had taken possession of the property, he took a judgment of foreclosure against the mortgagor, but the sale of the property was not made by virtue of said judgment, but was by private sale after said judgment; and that plaintiff was not a party to this suit. Upon these findings of fact, the trial court found that appellant was guilty of conversion to the extent of said sum of $245.02, and thereupon rendered judgment in favor of appellee, or plaintiff, for such sum. From this judgment appeal has been taken to this court.

The question for our determination is: Is the owner and holder of a prior chattel mortgage lien, upon his debt becoming due and remaining unpaid, entitled to take over the mortgaged property with the consent of the mortgagor and to appropriate the same to the payment of his debt by selling said property at private sale, appropriating the proceeds and paying the excess of the selling price to unsecured creditors and thus ignoring the existence of the second chattel mortgage and the debt due thereunder.

It appears from the evidence that the defendant Adami had brought a suit against Purdy upon the notes and mortgage herein in controversy, seeking judgment for the debt and for foreclosure of his lien. Adami was granted judgment by the court for the amount of his recovery as prayed for in his petition, and for a foreclosure, but nothing further was done under this suit; hence, as far as the questions involved with reference to the appropriation of the property, this judgment is of no consequence and can be of no assistance to the defendant Adami.

■ The defendant's mortgage was a prior mortgage, and it is insisted under this that he had the right to the possession and the power to sell under his mortgage and could not be held responsible for a conversion of the property. The evidence does not disclose the terms of the mortgage, as the same is not copied into the statement of facts, but, from what we can gather from the recitals in the pleadings and the statement of facts, it nowhere appears that the mortgage contained a power of sale authorizing a public or private sale by the mortgagee Adami. Hence, he stands without defense in the sale of the property. But, be that as it may, even if the power to sell was contained in the mortgage, we do not think that it would have authorized Adami to appropriate any excess over and above the amount due on his notes and the cost of the sale. Certainly, to permit a mortgagee and mortgagor, by agreement between themselves, to dispose of the property without reference to its value, would not be permitted. The question of value and excess value is concluded by the record, for the reason that the sale by Adami of the property not only paid Adami's debt, but left in his hands the sum of $245.02, which the property had brought at the private sale made by Adami. The plaintiff Bowers only sues for this $245.02, and consequently he is entitled to say that the property brought its reasonable value.

■ A mortgagee is not entitled to act as the owner of property in its disposition, but must act according to the powers given in the mortgage. In the case of Harling v. Creech, 88 Tex. 300, 31 S. W. 357, the Supreme Court held that the debtor has the right to redeem the property and the further right to have the surplus of a sale of the property paid to him, after paying the debt and costs of sale, and the mortgagee has no right to take possession of the property as his own and appropriate it.

It has been held that the first mortgagee might become liable by reason of a void foreclosure sale or because he sells the property without foreclosure and at private sale, and the measure of the damages suffered by the second mortgagee is the value of the property in excess of the senior mortgage debt. 11 C. J. 591, § 285.

■ Clearly we think that the measure of the second mortgagee's damage and the limit of his recovery is the reasonable or market value of the property, where there is a market, sold by the first mortgagee, less the first mortgagee's debt, but in this case no question can arise as to the value, because, as stated above, the property brought at private sale the sum of $245.02 in excess of the first mortgagee's debt, and as the second mortgagee is only seeking to recover such excess, and such sum was adjudged to him by the trial court, we think he was within the limits of his right, and that the judgment should not be disturbed. See Lovejoy v. Merchants State Bank, 5 N. D. 623, 67 N. W. 956; Peregoy et al. v. Wheeler et al., 88 Iowa, 732, 55 N. W. 462.

We therefore affirm the judgment of the trial court.