Argued June 27, affirmed July 31, petition for rehearing
denied November 13, 1963

KORLANN *v.* BELTON and SLIFMAN ET AL
384 P. 2d 210
386 P. 2d 664

*Reuben Lenske,* Portland, argued the cause and
submitted a brief for claimants-appellants.

*Paul D. Hanlon,* Special Assistant Attorney General, Portland, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

PER CURIAM.

The title to this case is misleading. The problem presented here does not involve either of the officials named. Mr. Korlann's predecessor, as insurance commissioner, brought this original proceeding to have a receiver appointed to administer the Oregon assets, held by the State Treasurer, of a defunct Illinois insurance company. ORS Chapter 751. The claimants, appellants here, filed a claim against the assets. The receiver denied the claim. Objections were filed in the circuit court by the claimants to the denial of the claim. On the day set for hearing the objections, claimants failed to appear either by attorney or otherwise. The court denied the objections because of the failure of claimants to appear.

Later claimants filed a motion asking the court to set aside the order denying the objections. The motion was purportedly based on ORS 18.160. The motion was accompanied by an affidavit which sought to explain the failure to appear but did not state any facts supporting the claim. When the latter motion came on for hearing claimants and their attorney again failed to appear. In *Johnston v. Braymill Co.,* 1933, 142 Or 95, 96, 19 P2d 93, 94, it was said:

"It is settled law in this state that a motion to open up a default and set aside a judgment

should be accompanied with a copy of the verified answer which the party desires permission to file so that the court may judge whether there be a meritorious defense, for defaults should not be opened up unless the defendant have a meritorious defense."

The record before us provides not one thing that would justify overreaching the trial court's discretion to refuse to reopen the case.

Affirmed.

## ON PETITION FOR REHEARING

Reuben Lenske, Portland, for the petition.

PER CURIAM.

■ Claimants' petition for rehearing attacks that part of our opinion herein which can be read to mean that claimants had not filed a pleading or other showing of merit for their claim. The judgment roll filed with the appeal was barren of the claim filed or documents to support the claim.

In order to clarify the matter, we have had the record augmented to show the documents submitted to the receiver and which, we will assume, were available to the trial judge when he denied the claim. Accordingly, the opinion filed is modified to acknowledge that a pleading and some evidence of the merit of the claim, or the lack thereof, was before the trial court when the court denied the claim. Our basis of decision in this case, however, does not require that we more fully examine the question of the extent to which merit must be demonstrated to a trial judge by pleading or other showing before he should set aside a judgment permitted as by ORS 18.160.

We adhere to the original opinion that the trial judge did not abuse his discretion when he failed to excuse the grossly negligent failure of these claimants to appear in the trial court.

Rehearing denied.