Argued December 2, 1965, affirmed February 9, 1966

# SCHRADER *v.* SCHRADER

410 P. 2d 1017

*Thomas D. Kerrigan,* Portland, argued the cause and filed a brief for appellant.

*James R. Ellis,* Portland, argued the cause for respondent. On the brief were Groce, Becker & Ellis, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin and Holman, Justices.

PERRY, J.

This is a suit brought by the plaintiff against defendant to obtain a decree of divorce, alimony and child support.

Plaintiff filed her complaint for divorce on July 9, 1964. She also filed a motion for allowances pendente lite. The complaint and motion were served on defendant July 28, 1964. On August 13, 1964, a hearing was had on the motion for support money, at which hearing defendant appeared with his attorney, and an order was entered by the trial court requiring defendant to pay $150 per month support money for the plaintiff and four children. The order also required defendant to make payments upon certain mortgage indebtedness of the parties.

No pleading of any nature having been filed by defendant in the cause, on September 16, 1964, plaintiff filed her motion for an order of default and served this motion on the attorney representing defendant. On September 22, 1964, the trial court entered the order of default.

Defendant filed a motion to set aside the order of default on November 4, 1964, and at this time he neither filed nor tendered a proposed answer setting forth a defense of any kind or nature to plaintiff's allegations of extreme cruelty. The trial court then made an order that the prior order of default "will be set aside only on the condition that within 20 days of November 30, 1964, the defendant tenders into Court all sums which have accrued herein under the Order heretofore entered directing defendant to pay to plaintiff through the Clerk of the Court sums for

the support of plaintiff and the minor children of the parties, attorneys' fees, and disbursements."

The defendant within the time allowed tendered into court a portion of the delinquent payments, but did not fully comply with the order of the trial court and the court refused to set aside the order of default.

Trial was had, and a decree of divorce was granted plaintiff, together with some alimony and child support.

The sole issue raised by defendant on this appeal is the trial court's denial of his motion to set aside the order of default and thus extend the time for answer.

■■ ORS 18.160 grants to the trial courts discretionary power to set aside an order of default properly entered and thus extend the time for answer, but, as stated, this power is discretionary and not absolute. *Peters v. Dietrich,* 145 Or 589, 27 P2d 1015; *Carmichael v. Carmichael,* 101 Or 172, 199 P 385. As often pointed out by this court, the discretion granted is a legal discretion and must be exercised in conformity with the spirit of the law and in a manner to serve, not defeat, justice. *Brown v. Becker,* 135 Or 353, 295 P 1113; *McFarlane v. McFarlane,* 45 Or 360, 77 P 837.

■■ It is well settled in this state that in order for the trial court to exercise its legal discretion in setting aside previous defaults, the applicant must tender pleadings which disclose a meritorious defense, for defaults should not be set aside merely to delay justice. *Korlann v. Belton,* 236 Or 23, 384 P2d 210, 386 P2d 664; *Anderson v. Anderson,* 89 Or 654, 175 P 287.

Since the defendant tendered no answer, it is not necessary for us to decide whether the conditions imposed by the trial court were proper or not.

The decree is affirmed.