Argued April 8, affirmed May 3, 1977

RODGER et ux, *Respondents,*
*v.*
SEAGER et ux, *Appellants.*
(TC 76-1024-E-2, SC 24606)
563 P2d 1200

Sid Brockley, Oregon City, argued the cause for appellants. With him on the briefs were John Dobson and Jack, Goodwin & Urbigkeit, Oregon City.

Thomas D. Melum, Medford, argued the cause for respondents. With him on the brief were Frohnmayer & Deatherage, Medford.

Before Denecke, Chief Justice, and Holman, Lent and O'Connell, Justices.

PER CURIAM.

## PER CURIAM.

This is a suit for strict foreclosure of a land sale contract. The trial court granted plaintiffs' motion for a default judgment and subsequently entered a decree of strict foreclosure. Defendants moved to set aside the default judgment. The motion was denied and defendants appeal.

After about one year's effort on plaintiffs' part to induce defendants to perform their contract, this suit for strict foreclosure was filed. Defendants were served with a summons and complaint on April 30, 1976, in Jackson County. They left for Utah on May 6, 1976, where Lewis Seager entered a Veterans Administration hospital. Before he left for Utah he turned the summons and complaint over to his attorney. On May 11, 1976, plaintiffs' attorney called the office of defendants' attorney, but, being unable to get through to him, left a message with his secretary objecting to defendants' delay in responding to the complaint and requesting the immediate filing of an answer. On May 12, 1976, having received no responsive pleading from defendants, plaintiffs filed and served on defendants' attorney a notice that default would be taken on May 19, 1976. On May 19, 1976, neither defendants nor their attorney made an appearance, nor did they file a request for an extension of time. Plaintiffs' motion for a default judgment was granted and on May 20, 1976, an interlocutory decree of foreclosure was entered.

On May 26, 1976, defendants returned to Jackson County and got in touch with their attorney, and on June 2, 1976, a motion to set aside the default judgment was filed.[1] The motion was supported by Lewis Seager's affidavit reciting the fact that Seager had open heart surgery on January 10, 1975, and that

---

[1] Relief was sought under ORS 18.160, which reads as follows:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

as a result of complications flowing from the operation, was in various hospitals outside of Jackson County. The affidavit also recited as follows:

"That I have a valid defense to the cause of action filed against me herein, the most significant of which is that I had a contract with Mr. Rodgers to build a house for $28,700 and not $48,700.

"That the house was started in March 1974 and was to be completed in November 1974, and that in fact it has never been completed."

Defendants rest their appeal principally upon the ground that only a short period of time (13 days) elapsed between the entry of the default decree and the motion to set it aside. The time lapse between a default judgment and a motion to set it aside is a factor in determining whether relief should be granted under ORS 18.160. But it is only one of the factors. Even though the delay was short, it is incumbent upon the defendants to explain the reasons for the delay. In the present case defendants did not satisfactorily explain the cause of delay. Nor did defendants provide the court with information sufficient to determine whether defendants had a meritorious defense. The affidavits of defendant Lewis Seager and defendants' attorney are couched in generalities which leave unexplained precisely what caused defendants and their attorney to be delinquent in responding to plaintiffs' complaint and in filing the motion to set aside the decree.

When defendants got around to filing their motion they neglected to tender pleadings disclosing a meritorious defense.[2]

Defendants argue that the affidavit of Lewis Seager, the substance of which we have set out above, was a sufficient substitute for pleadings for the purpose of

---

[2] A party moving to have a default set aside must tender with the motion pleadings which disclose a meritorious defense. *Schrader v. Schrader,* 242 Or 526, 528, 410 P2d 1017 (1966); *Korlann v. Belton,* 236 Or 23, 24-25, 384 P2d 210, 386 P2d 664 (1963).

disclosing defendants' defense. Assuming without deciding that an affidavit can be substituted for pleadings as an accompaniment to the motion for relief from default, the affidavit in the present case was conclusory and failed to disclose specifically how plaintiffs had failed in carrying out their contract.[3]

Plaintiffs assert in their brief that the motion to set aside the default decree was heard at the scheduled time for hearing "without any appearance being made by defendants or their attorney." The record does not reveal whether or not this assertion is true. The assertion is not denied in defendants' reply brief. Nor did defendants' counsel in the oral argument on appeal make a contrary assertion except to say that the record was silent on the matter. The failure of a petitioner to appear on the day set for hearing objections to a motion for relief from default was held in *Korlann v. Belton,* 236 Or 23, 384 P2d 210, 386 P2d 664 (1963), to be a delinquency of such magnitude that there was no necessity for the court to "more fully examine the question of the extent to which merit must be demonstrated to a trial judge by pleading or other showing before he should set aside a judgment permitted as by ORS 18.160." 236 Or at 26. In view of the emphasis made in this pronouncement by the court on the importance of defendants' appearance, defendants should have clarified the record if in fact an appearance was made.

But even assuming defendants made such an appearance, we are of the opinion that there was a sound basis for the trial court's refusal to grant the relief sought by defendants.

---

[3] In affidavits subsequently filed to support a motion to reconsider defendants' motion to set aside the order of default, the nature of defendants' defense was more specifically set out, as was the explanation for the failure to act promptly in responding to plaintiffs' complaint, but the motion to reconsider was denied and we will not review the trial court's order denying that motion.

Fairness requires us to note that counsel for defendants on appeal did not represent defendants in the proceeding below.

Affirmed.