Argued and submitted May 22, reversed and remanded August 10, 1981

CARLSON,
*Respondent,*
*v.*
NORRISH,
*Appellant.*

(No. 6069, CA 19889)

632 P2d 492

Dan W. Poling, Corvallis, argued the cause for appellant. With him on the brief was Corl, Poling & Hilborn, Corvallis.

William D. Young, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals a District Court order denying her motion to set aside a judgment on the ground that she had not tendered a meritorious defense. We reverse.

Plaintiff filed an action based on timber trespass. Defendant filed a general denial and the case was set for trial in August, 1980. Defendant's attorney died in July, 1980. Plaintiff's attorney advised defendant in writing the case was set for trial and that she should obtain new counsel. On July 27, 1980, defendant contacted her present attorney. The court reset the case for trial on September 12, 1980. Notice of the new date was received by defendant and was included in the case file given to defendant's present attorney on August 14, 1980.

Neither the defendant nor her attorney appeared on the day of trial. Plaintiff testified, and the court found plaintiff had established a *prima facie* case entitling him to a judgment.[1]

On September 24, 1980, defendant's attorney filed a motion to vacate the judgment on the grounds of mistake and inadvertence.[2] After a hearing the trial court made the following findings:

"1. Defendant tendered a timely Motion to set aside the judgment along with an Affidavit setting forth facts sufficient to constitute excusable neglect on her part; and,

"2. Defendant has not tendered any pleading constituting a meritorious defense to Plaintiff's complaint."

The trial court concluded:

"* * * even though [defendant] has shown excusable neglect, [defendant] has never tendered or demonstrated a meritorious defense and I will deny Defendant's Motion. * * *"

---

[1] Plaintiff tendered a document entitled "Order of Default and Judgment" for the signature of the trial judge. That document contains the language: "[T]hat defendant is in default and such default is hereby entered of record." It appears that thereafter the court and the parties erroneously treated the judgment as a default judgment.

[2] ORS 18.160 provides:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

Plaintiff relies upon *Schrader v. Schrader,* 242 Or 526, 410 P2d 1017 (1966), for the proposition that a *default* judgment will not be vacated unless the applicant first tenders a pleading which discloses a meritorious defense. *See Litton and Char-Ole' Ranch, Inc.,* 281 Or 687, 690, 576 P2d 369 (1978); *Bella v. Aurora Air, Inc.,* 279 Or 13, 17, 566 P2d 489 (1977). This case does not involve a *default* judgment. Defendant filed a general denial and then failed to appear for trial. On the motion for relief the trial court found defendant's absence from the trial was due to excusable neglect; there was nothing left to decide.

The judgment is vacated, and the case is remanded for further proceedings.

Reversed and remanded.